## WESTERN INSURANCE COMPANY *v.* ASHBY.

[No. 8,004.   Filed June 5, 1913.]

1. APPEAL.—*Briefs.*—*Waiver of Errors.*—Where appellant's brief wholly fails to comply with Rule 22 of the Supreme and Appellate Courts requiring a statement of so much of the record as fully presents every error relied upon, such errors will be deemed waived. p. 520.

2. APPEAL.—*Questions Reviewable.*—*Evidence.*—*Briefs.*—Although not properly presented by appellant's brief, the court is enabled to consider the questions on the motion for a new trial which relate to the sufficiency of the evidence, and the assignment that the verdict is contrary to law, where a sufficient statement of the evidence is contained in appellee's brief. p. 521.

3. INSURANCE. — *Fire Insurance.* — *Condition Avoiding Policy.* — *Construction.*—*Waiver.*—A provision in a fire policy that it shall be void upon certain conditions, means that the policy is voidable at the option of the insurer, and unless the insurer, on learning of the conditions, acts with reasonable promptness in notifying the insured of its election to avoid the policy and in restoring or offering to restore the unearned premium, it thereby waives its right to declare the policy void. p. 523.

4. INSURANCE.—*Fire Insurance.*—*Insurance Brokers.*—*Knowledge.* —An insurance broker, acting within the scope of his authority, is the agent of the company from which he procures insurance, and his knowledge relating to the risk is binding on the company, though not communicated to it. p. 523.

5. INSURANCE.— *Fire Insurance.*— *Condition Avoiding Policy.*— *Waiver.*—An insurance company, having knowledge of facts which would enable it to avoid the policy by requiring proof of loss in the event of a loss, and by failing to give timely notice of its election to avoid, waives the right to defeat recovery by reason of such facts. p. 524.

6. INSURANCE.—*Fire Insurance.*—*Waiver of Conditions.*—*Evidence.* —In an action on a fire policy, evidence that the insurance broker knew that plaintiff's title to personal property covered by the policy was not absolute, and that the agents who issued the policy had knowledge of the property and knew that such policy and another covered the same property, and that it was through the oversight of such agents that permission to carry other insurance was not inserted in the policy sued on, warranted the jury in finding that defendant had waived any condition in the policy by which it might have avoided liability. p. 524.

7. INSURANCE.—*Fire Insurance.*—*Evidence.*—*Admissibility.*—In an action on a fire policy, testimony of plaintiff showing knowledge of her title by the broker through whom the insurance was placed, was admissible, since knowledge by him of facts relating to the validity of the policy is imputed to the company. p. 524.

8. APPEAL.—*Review.*—*Judgment.*—*Presumptions.*—Where no available error is shown, the correctness of the judgment will be presumed. p. 524.

From Allen Circuit Court; *Edward O'Rourke*, Judge.

Action by Leona Ashby against the Western Insurance Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Robert B. Dreibelbiss* and *H. I. Smith*, for appellant.
*Howard L. Townsend* and *Elmer Leonard*, for appellee.

FELT, P. J.—This is a suit by the appellee against the appellant to recover upon an insurance policy for the loss by fire of certain personal property. Trial by jury resulted in a verdict for appellee in the sum of $2,500. From a judgment on the verdict the appellant has appealed, and in its brief states as the first error relied on that the appellee's complaint does not state facts sufficient to constitute a cause of action. Neither the complaint nor the substance thereof is set out in the brief. Furthermore, the only defect suggested in appellant's brief appears to be without foundation for appellee shows that the apparent defect has been cured by the return to a writ of certiorari duly issued on order of this court. Appellant also states in its brief that the court erred in overruling its separate demurrer to the second and fifth paragraphs of appellee's reply to its second, third and fourth paragraphs of answer. But neither the replies nor the demurrers are set out in the briefs, nor is the substance thereof stated. Appellant also claims the court erred in overruling its motion for a new trial. From the briefs we learn that a new trial was asked because the verdict of the jury is not sustained by sufficient evidence, and is contrary to law; that the damages assessed by the jury are excessive; that the court erred in giving to the jury certain instructions and in refusing to give certain instructions tendered by appellant. Also that the court erred in admitting in evidence the testimony of the appellee in which she related a conversation between herself and an insurance broker named Kehoe, who solicited the insurance, delivered the policies and collected the premiums. Appellant has not set out either the instructions given or refused or the substance thereof. Rule 22 is plain and definite and its purpose and scope has been stated in many decisions. Litigants who wholly ignore the rules of the court, cannot expect the court to search the record for errors they have failed to present. In this case appellant has almost wholly ignored the rules and thereby waived the errors, if any, it

desires to have considered. *Chicago Terminal, etc., R. Co.*
v. *Walton* (1905), 165 Ind. 253, 74 N. E. 1090; *Schrader* v.
*Meyer* (1911), 48 Ind. App. 36, 95 N. E. 335; *Webster* v.
*Bligh* (1912), 50 Ind. App. 56, 98 N. E. 73.

2. Appellee has set out in her briefs much of the evidence given at the trial, which is sufficient to enable us to consider the questions on the motion for a new trial which relate to the sufficiency of the evidence to sustain the verdict, and the assignment that the verdict is contrary to law, also the admissibility of part of appellee's evidence as above shown. The evidence tends to show that appellee was the owner of a large amount of household goods and furniture in the city of Fort Wayne, of the probable value of $7,000; that on February 10, 1909, she procured two policies of fire insurance, each for $2,500, one of which was issued by appellant and the other by the Humboldt Insurance Company; that each of said policies was written by Walsh and Kierspe, insurance agents for said companies; that one Kehoe was engaged in the insurance business and solicited appellee to insure her said property, and at the time learned from her that a part of the property owned by her which was to be insured had been purchased by her on the installment plan and that she did not then have an absolute title thereto; that said Kehoe procured the policy in suit from said agents of appellant, delivered the same to her and received from her the premium of $50 out of which he was paid a commission by said agents; that said Kehoe had for sometime prior to this transaction obtained insurance for appellant through said agents in the same way this insurance was procured; that appellee made no representations as to her title to said property except the statement aforesaid and no further information was sought from her; that appellant was in no way misled or deceived by any statements or representations made by her; that appellant's agents had knowledge of the character of appellee's title to the property insured at the time the policy

was issued; that the policy had been in force almost two years at the time the fire occurred; that shortly after the fire occurred an adjuster of appellant called upon appellee, looked over the property, and was by the appellee fully advised as to the character of her title to the property and he thereafter directed her to protect the property not wholly destroyed by fire and to make an invoice of the property injured and destroyed; that proofs were forwarded to the companies in accordance with such request and later appellant claimed the proof of loss was insufficient and made a request that appellee furnish additional proof, which she did and also made demand for payment; that appellee had nothing to do with the designation or selection of the companies in which her insurance was written and when said Kehoe delivered the policies, she accepted the one in suit and the one issued by the Humboldt Insurance Company for a like amount, and paid him the premiums therefor; that she did not read the policies or know anything about the conditions they contained.

George Kierspe testified that he was one of the agents of appellant in Fort Wayne; that Kehoe brought the insurance to his agency and they paid him the regular commission on the business; that he issued both policies at the same time and was agent for both companies; that both policies were delivered to Kehoe as aforesaid. William Walsh testified that he was the partner of Kierspe and corroborated his testimony. He also stated that he knew what the property was at the time the policies were written and that each of said policies covered the same property; that by an oversight he failed to insert in the policy permission to carry other insurance; but that it ought to have been inserted and it was by his mistake the clause was omitted from the policy in suit. There was no evidence tending to show that the appellant had at any time either before or after the fire, offered to cancel the policy, rescind the contract or return any portion of the premium received.

The policy in suit contains provisions declaring it void if the insured is not the absolute and unconditional owner of the property insured, or if she has or obtains other insurance without the insurer's consent. Appellee does not dispute these propositions, but claims, appellant had knowledge of her title and of the other insurance, and after obtaining such knowledge, issued the policy, collected and retained the premium, and after the loss occurred not only required her to make proof of the loss, but after several weeks of delay, to furnish additional proofs, which she did.

3. The doctrine is well established in this State that a provision in such policy rendering it void upon certain conditions, means voidable at the option of the insurer, and that to render it void, upon discovery of the facts by which liability may be avoided, it must act with reasonable promptness, must notify the insured of its election to avoid the policy, tender back, or in some appropriate way restore, or offer to restore, the unearned premium received, and upon failure so to do will be deemed to have waived the right to so declare the policy void, and to have elected to treat it as a valid contract of insurance. *Glens Falls Ins. Co.* v. *Michael* (1907), 167 Ind. 659, 678, 74 N. E. 964, 79 N. E. 905, 8 L. R. A. (N. S.) 708; *Ohio Farmers Ins. Co.* v. *Vogel* (1906), 166 Ind. 239, 244, 76 N. E. 977, 3 L. R. A. (N. S.) 966, 117 Am. St. 382, 9 Ann. Cas. 91; *Metropolitan Life Ins. Co.* v. *Johnson* (1912), 49 Ind. App. 233, 94 N. E. 785; *United States, etc., Ins. Co.* v. *Clark* (1908), 41 Ind. App. 345, 351, 83 N. E. 760.

4. It has been held in this State that an insurance broker, acting within the scope of his authority, is the agent of the company from which he secures insurance, and that his knowledge relating to the risk is binding on the company, though not communicated to it. *German Fire Ins. Co.* v. *Greenwald* (1912), 51 Ind. App. 469, 99 N. E. 1011 and cases cited.

Where an insurance company has knowledge of facts

which would enable it to declare the policy void and a 5. loss occurs, by requiring proof of loss and failing to give timely notice to the insured of its election to avoid the policy, it waives the right to defeat a recovery on the policy by reason of such facts. *Replogle* v. *American Ins. Co.* (1892), 132 Ind. 360, 367, 31 N. E. 947; *Home Ins. Co.* v. *Marple* (1891), 1 Ind. App. 411, 413, 27 N. E. 633; *Phenix Ins. Co.* v. *Boyer* (1891), 1 Ind. App. 329, 27 N. E. 628.

From the evidence in this case it is clear that the 6. jury was warranted in finding that appellant had waived any condition in the policy by which it might have avoided liability. Where this is done the policy will be enforced the same as if such provisions were not in the policy. *Ohio Farmers Ins. Co.* v. *Vogel, supra.*

The knowledge of the broker relating to facts 7. affecting the validity of the policy issued by appellant to the appellee being imputed to the company it follows that the court did not err in permitting appellee to testify to facts showing his knowledge of her title before the policy was either written or delivered.

No available error is shown by the briefs. The 8. presumption is in favor of the judgment of the lower court and substantial justice appears to have been done between the parties.

Judgment affirmed.

Note.—Reported in 102 N. E. 45. See, also, under (1, 2) 2 Cyc. 1013; (3) 19 Cyc. 791, 798; (4) 19 Cyc. 812; 22 Cyc. 1434; (5) 19 Cyc. 801; (6, 7) 19 Cyc. 953; (8) 3 Cyc. 275. As to knowledge of agent being imputed to insurer, see 9 Am. St. 232. As to when an insurance broker is agent for insured, see 38 L. R. A. (N. S.) 614. As to whether failure of the insurer to speak or act after notice of breach of policy constitutes a waiver thereof, see 25 L. R. A. (N. S.) 1.