## LAMB *v.* HORNYAK.

[No. 11,717.   Filed November 21, 1923.]

VENDOR AND PURCHASER.—*Pleadings.—Complaint for Damages.— Fraud.—Rescission.*—A complaint by the vendee of real estate against his vendor alleging that said vendor represented to the plaintiff that he was the owner of the land in fee simple, that it was free from encumbrances; that, relying on these representations, he purchased the land on a contract and paid to his vendor $400 in cash before he discovered that he had been defrauded; that the defendant did not own the land in fee simple but had only a contract of purchase, which he had purchased from another, containing a forfeiture clause which provided for a forfeiture on a violation of the contract by the holder thereof and subjected him to ouster; that there was a ditch assessment on the land and the defendant failed to pay the liens and assessments on the land and the owner of the land brought suit to oust the plaintiff, the defendant and the original owner of the contract; that the defendant appeared to said suit and denied having any interest in the land; that judgment was rendered against his vendor and appellee lost his rights in the contract and the right of possession, demanding damages in a certain sum; states a cause of action for damages not rescission.

From Allen Circuit Court; *Sol A. Wood,* Judge.

Action by Mike Hornyak against John D. Lamb. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*E. V. Harris,* for appellant.
*Leonard, Rose & Zollars,* for appellee.

NICHOLS, J.—Action by appellee against appellant for damages.

It is averred in the complaint, in substance, that appellant, in selling to appellee certain real estate was guilty of misrepresentations and fraud in this, that he represented to appellee that he was the owner of such land, in fee simple, that it was free from all encumbrances of every kind and character, and that it was the best land in Allen county; that, relying upon these representations, appellee purchased the land upon a contract, and paid to appellant $400 in cash, before he discovered that he had been defrauded; that appellant did not own the land in fee simple, but, on the contrary, he had only a title contract which he had purchased from one Bryie which was executed by one Oetting, who was the owner of the land. That under the terms and conditions of the Bryie contract any violation thereof forfeited the right of appellant to the land and subjected him to ouster; that there was a ditch assessment which had not been paid, and appellant failed to pay the liens and assessments upon the land as provided by the contract held by him, and the owner of the land brought suit to oust, not only Bryie, the original owner of the contract held by appellant, but also appellant and appellee herein; that appellant appeared to said suit and denied having any interest in the land. Such proceedings were had therein as that judgment was rendered against Bryie, and appellant and appellee herein for possession, and, by reason thereof, the appellee not only lost the land and the right to possession thereof, but the $400 he had paid to appellant. There was a demand for $1,000 dam-

ages. After answer, there was a trial by the court, which resulted in a judgment in favor of appellee for $400.

It is clear from appellant's brief that he has wholly mistaken the theory of the complaint in this action. He has briefed it upon the theory that the complaint undertakes to state a cause of action in rescission. This theory of the complaint evidently led him to file a motion in arrest of judgment. It was properly overruled. It is clear the complaint states a cause of action for damages, nothing more.

The only other error upon which appellant relies for reversal is the action of the court in overruling his motion for a new trial, under which he contends that the decision of the court is not sustained by sufficient evidence and that it is contrary to law. We have examined the evidence, both in the briefs and in the record, and while we must say that there is some confusion therein, still we think it sufficient to sustain the decision of the court, and the same is not contrary to law.

Judgment affirmed.