AMERICAN INSURANCE COMPANY *v.* WOOLFOLK ET AL.

[No. 13,509. Filed December 17, 1929. Rehearing denied June 25, 1930. Transfer denied April 26, 1933.]

446

*Edmund L. Craig* and *Craig & Mitchell,* for appellant.

*William C. Mason* and *Elbert M. Swan,* for appellees.

McMAHAN, J.—Complaint by Lewis Woolfolk, Charles M. and Mary E. Wachter, and Grandview Bank, against appellant on a fire insurance policy issued to Woolfolk as owner. Loss, if any, was made payable to the bank and C. M. Wachter, as mortgagees or trustees. From a judgment in favor of plaintiffs, the defendant appeals, presenting the correctness of the overruling of its demurrer to the second paragraph of reply of each of the plaintiff's several replies, and error in the conclusions of law.

The complaint alleges the issuance of the policy, loss by fire of the property insured, notice and proof of loss, that the Wachters held a vendor's lien on the real estate and that the bank held a mortgage on it, the policy being made a part of the complaint.

Appellant's answer is in four paragraphs. The first paragraph is addressed to that part of the complaint relating to the claim of Woolfolk, and alleges that the policy in suit was originally issued on March 12, 1925, and that such original policy provided it might be renewed in consideration of the premium for the renewal term, and in case of renewal any increase of hazard should be made known to the insurer at the time of renewal or that policy should be void; that such policy was continued by renewal March 12, 1926; that the policy sued on was a renewal of the policy of March 12, 1925; that each of said policies contained provisions to the effect that the policy should be void if the interest of the insured was not correctly stated; if the interest of the insured was other than unconditional and sole ownership; and unless otherwise provided, it should be void, if, with the knowledge of the insured, foreclosure proceeding was commenced or any change other than by death of the insured took place. It was also alleged that when the policy was renewed the interest of the insured was not truly stated, in that the property had been sold by the sheriff to the Wachters and was not the property of Woolfolk, and for the further reason that part of the property insured, a McCray refrigerator, was not the property of the insured; that such changes of title were not known by the insurer. The second paragraph of answer was addressed to the part of the complaint relating to the claims of the bank and, after setting out the conditions under which the policy should be void, as alleged in the first paragraph, sets out an additional provision to the effect that if, with the consent of the insurer, an interest shall exist in favor of a mortgagee or any person having an interest in the subject of insurance other than the interest of the insured, the conditions theretofore mentioned should apply in the manner expressed in such provisions relating to such

interest as shall be written upon or attached to the policy; that the original policy, as well as the renewal policy, was made payable to the bank as mortgagee or trustee and provided that the mortgagee should give the insurer notice of any foreclosure proceedings and of any change of ownership or increase of hazard coming to the knowledge of the mortgagee, and that a failure on the part of the mortgagee to comply with such provisions rendered the insurance void as to such mortgagee. It then alleged that when the policy was renewed, the interest of the insured was not truly stated, in that the property had been sold by the sheriff to the Wachters and was not the property of Woolfolk and that the McCray refrigerator was not his property; that after the issuance of the policy, the bank, with knowledge of the foreclosure proceeding of Wachters, did not notify the insurance company, and that a change of interest and title took place by reason of the sheriff's sale; that Joseph Forsyth and Bert Newman, who are shown by the complaint to have executed the policy as agents of appellant, were, at all the times mentioned, agents of the defendant and also officers of the bank by reason of which facts so alleged the policy was void as to the interest of the bank.

The third paragraph is in substance the same as the second, except that it relates to the claim of the Wachters, and omits all references to the bank and to Forsyth and Newman, and alleges that the policy is void as to the Wachters by reason of the failure to give notice of their foreclosure proceeding. The fourth paragraph is a general denial. Woolfolk and the bank filed separate replies. Wachter and Wachter filed a reply. The second paragraph of each reply is the same, and in substance is as follows: That appellant had notice of each and all of the alleged breaches of the policy alleged in the several paragraphs of answer, and before the time the policy in

suit was issued, by and through the knowledge of the agents of appellant who wrote and procured the insurance and who, with such knowledge, received of and from Woolfolk the premium paid therefor by the insured and failed to cancel the insurance or to return or tender back to the insured the premium so paid by him, and that appellant thereby waived the conditions relating to each breach alleged in each of the paragraphs of answer. The third paragraph of reply was by the bank and the Wachters, and referring to the McCray refrigerator, alleged they had no knowledge concerning the ownership and insurance on it, and that if it were insured it was insured by Woolfolk without their knowledge.

The third paragraph of the reply of Woolfolk and the fourth paragraph of the reply of the bank and the Wachters are the same, and allege that the insurance company "had notice and knowledge of each and every one of said alleged breaches for a reasonable and seasonable time and more than ten days before the alleged fire and loss, and that defendant failed to and did not take any action in relation thereto, and thus elected to and did waive the conditions of said policy" of insurance as to each and every breach thereof alleged in the answer.

Appellant filed demurrers for want of facts to the second and third paragraphs of the reply of the bank, to paragraphs two and three of the reply of Woolfolk and to the second and third paragraphs of the reply of the Wachters. The action of the court in overruling each of these demurrers is assigned as error.

The first contention is that the court erred in overruling the demurrer to the second paragraph of each of the several paragraphs of reply. As heretofore stated, each of these paragraphs was to the effect that appellant had notice and knowledge, through its agents who procured the insurance and who wrote the policy and collected the premium therefor, of each and all the breaches

set out in the answer and that, with such notice and knowledge, appellant failed to cancel the policy and to return or tender back to the insured the premium theretofore paid by him to appellant for the insurance, thereby waiving the alleged breaches.

Appellant says it makes no claim that it ever desired or attempted to cancel the policy in suit; that all it desires is to enforce the policy as written; that the policy in suit was a "renewal" policy and for that reason the risk had attached and it was under no obligation to refund any part of the premium in order to avoid the policy, although it had notice of the breach.

Our understanding of the rule is that where the risk has attached, and the policy *thereafter* becomes void, through the conduct of the insured, the latter is not entitled to a return of the premium or any part thereof, but when the policy is void from the beginning so that the risk never attached, the premium must be tendered or returned to the insured. *Marion, etc., Bed Co.* v. *Empire State Surety Co.* (1913), 52 Ind. App. 480, 100 N. E. 882.

It is also the well established law of this state that when a policy contains a provision that it shall be void if the interest of the insured is not truly stated therein, or, if the interest of the insured is other than "unconditional and sole ownership," such provision means voidable at the option of the insurer, and that to render it void, upon discovery of the facts by which liability may be avoided, the company must act with reasonable promptness, must notify the insured of its election to avoid the policy, tender back or offer to restore the unearned premium received, and upon failure to do so, it will be deemed to have waived the right to declare the policy void, and to have elected to treat it as a valid contract of insurance. *Western Ins. Co.* v. *Ashby* (1913), 53 Ind. App. 518, 102 N. E. 45; *National*

*Mutual Ins. Co.* v. *Bales* (1923), 81 Ind. App. 302, 139 N. E. 703, 141 N. E. 481. And where the insurer has knowledge of facts, which would justify it in declaring the policy void, and after a loss occurs requires proof of loss and fails to give timely notice to the insured of its election to avoid the policy, it waives the right to defeat a recovery because of such fact. *Replogle* v. *American Ins. Co.* (1892), 132 Ind. 360, 31 N. E. 947; *Western Ins. Co.* v. *Ashby, supra.*

The policy in suit is dated March 12, 1926. It became effective as of that date. It superceded the policy dated March 12, 1925. The rights of the parties are to be measured and controlled by the new policy. The insured did nothing after March 12, 1926, to increase the hazard. There was no change in title or ownership after that date.

Appellant, in its answer, alleges that the change in title and interest relied on to defeat a recovery took place in September, 1925; that the Wachters and the bank knew of the foreclosure proceeding of the Wachters and the sale under the decree of foreclosure to the Wachters, and failed to notify appellant of such proceeding and sale. The reply alleges that appellant, through its agents who wrote the policy and who collected the premium, had notice and knowledge of the foreclosure proceeding and the sheriff's sale, at the time the policy in suit was issued. Appellant, by its demurrer, admits that it had such notice at the time the policy was issued and that it took no steps to avoid the policy before the loss. The fact that its agents were also officers of the bank is not sufficient to overcome the allegation of the reply that appellant had notice of the condition of the title when the policy in suit was issued. There was no error in overruling the demurrers.

The remaining question presented for our consideration relates to the correctness of the conclusions of law.

The facts as found by the court are that: Appellant was organized under the laws of New Jersey doing a fire insurance business in Spencer County, with a local office at Grandview; that Forsyth and Newman were, at the time the policy in suit was issued, the general agents of appellant and engaged in soliciting insurance, signing and delivering policies, collecting premiums therefor and acting generally in the insurance business for appellant; that appellant, through said agents, on March 12, 1926, issued the policy sued on to Woolfolk, insuring him against loss by fire in the sum of $2,500, on a certain building and $500 on store and office fixtures therein, said policy being a renewal of a prior policy issued to Woolfolk, for which policies appellant was paid the full premium of $37.40 for each policy; that the policy in suit was endorsed "Loss, if any, payable to Grandview Bank and C. M. Wachter as mortgagee (or trustee) as such interest may appear;" that no written application was made for such policy; that no inquiries were made of him concerning the said property; and that it is not shown that any fraud was practiced or any concealment made in relation thereto, but that the transaction was in good faith by all the parties; that on March 24, 1926, while the policy was in force, the building and personal property insured were destroyed by fire; that notice and proof of loss were made as required by the policy; that Woolfolk had complied with all the requirements of the policy; that this suit was commenced February 1, 1927; that at the time of the insurance, Woolfolk was the owner of the building by deed from the Wachters, subject to a mortgage of $8,100, in favor of the bank and vendor's lien in favor of the Wachters for $1,300; that Woolfolk continued to be such owner until the fire and that he was also during all of said time the owner of the personal property insured; that before the fire, Woolfolk had purchased the refrigerator on a conditional-sale contract

with title reserved in the seller, and that the purchase price had been paid in full before the fire; that the refrigerator was not named in, or covered by the policy and that mention by Woolfolk of same in his proof of loss was inadvertantly made in copying same from proof of loss made to another insurance company, under a policy in which the refrigerator was named, and that Woolfolk disclaimed any claim for same in this action; that the bank and the Wachters had no knowledge relating to the refrigerator until after the fire; that in 1924, the Wachters commenced suit to establish their vendor's lien, to have it decreed to be prior to the mortgage of the bank and to foreclose the same; that the court, in September, 1924, decreed the lien to be prior to the mortgage, and the same was foreclosed in January, 1925, and before the first policy was issued; that on September 5, 1925, the sheriff sold the real estate under that foreclosure to Charles M. Wachter for $1,455.42, who bid the same in to satisfy the lien, and received a sheriff's certificate, which was thereafter held and owned by the Wachters; that all of the facts relating to said action and sale were, on September 12, 1925, reported to, and were known to Forsyth, the then agent of appellant, who was requested that any endorsement in the insurance policy made in favor of the Wachters be made and kept to protect them in their right under the certificate of sale, which such agent agreed to do and he assured the attorney for Wachters that such endorsement would be so made; that appellant elected to and did waive all the alleged breaches; that Woolfolk remained the legal owner of the building with the right of redeeming it from the sale until September 5, 1926; that the building, at the time of fire, was worth $8,000; that the personal property was insured for $1,050, and the value of the personal property destroyed, including the refrigerator, was $500; that there is due and owing Wachter and Wachter, $1,079.20, as a first

lien on the real estate described in the policy; that there was due and owing the Grandview Bank $1,713.96, as the second claim, and that all the plaintiff's had an insurable interest in the property and were entitled to recover because of their loss.

Upon these facts, the court stated as a conclusion of law, that the plaintiffs were entitled to recover $3,000 on the policy of insurance plus $341, as interest, to be applied as follows: $1,079.20, to Wachter and Wachter as first lien holders, and $1,713.96, to the bank as second lien holders and the balance to Lewis Woolfolk on his personal property insurance. The court undertook to state two other conclusions of law, but inasmuch as they are pure conclusions of facts and are covered by the facts found, they will not be given any consideration.

Appellant says the finding that Woolfolk was the owner of the property at the time the policy was issued, subject to the mortgage to the bank and a vendor's lien in favor of the Wachters and that he continued to be the owner of the legal title thereof until the fire, is not sufficient without a finding that he owned a beneficial interest at the time of the loss. We can not agree with this contention. Woolfolk was named in the policy as the owner. The court found that he was the owner when the policy was issued and that he continued to be the owner of the legal title until the fire. This, without question, is a sufficient finding that he had a beneficial and insurable interest in the property at the time of the fire.

The next contention is that there is no finding that Woolfolk had performed all of the conditions of the policy on his part to be performed. Appellant evidently has overlooked the seventh finding where the court finds that, after the fire, Woolfolk immediately gave notice to said company and its agents of said fire and loss, and on May 20 and 21, 1926, furnished

appellant at its home office at Newark, New Jersey, duly verified proofs of loss, which were received by appellant and that "he complied with all requirements therein of said policy and defendant." There is no merit in this contention, and appellant has failed to point to any requirement of the policy which Woolfolk failed to perform.

Appellant next says there is no finding that the bank held a mortgage on the insured property at the time of the fire, or that the Wachters had a vendor's lien thereon at that time, and insist that neither of said parties was entitled to a judgment. Insofar as the interest of the Wachters is concerned the court fully and specifically finds the facts in relation thereto and that such interest was held and owned by them until and at the time of the fire. Insofar as the interest of the bank is concerned, the court does find that when the policy was issued March 12, 1926, Woolfolk owned the building which was insured subject to a mortgage of $8,100 in favor of the bank. The court found there was due and owing the bank on its complaint $1,713.96, as a second claim on the real estate mentioned in the policy. The court did not specifically find that the mortgage of the bank continued to be in force as a lien on the real estate to the time of the fire, unless the facts actually found force this inference. The failure of the court to find that the lien of the bank continued to the time of the fire would not call for a reversal because of an erroneous conclusion. The court, in the first part of the conclusion of law of which complaint is made, states that the plaintiffs are entitled to recover $3,341, to be divided between Woolfolk, the bank and the Wachters as heretofore stated. If, as a matter of fact, the mortgage had been paid and released of record before the fire, that fact would not rebound to the interest of appellant. It would still be liable on the policy for the $3,341. Woolfolk, the

Wachters and the bank are parties to this action and as they are bound by the decree of the court as to the distribution of the funds. Woolfolk and the Wachters are not complaining of the fact that the court directed that part of recovery should be paid to the bank. Appellant is not interested in the division of the funds. The court correctly concluded that there should be a recovery against appellant for $3,341, and if it be conceded that the court erred in concluding that the bank should be paid a part of the amount, it would not be a reversible error.

Judgment affirmed.