THE MERCER CASUALTY COMPANY *v.* KREAMER.

[No. 15,567. Filed November 22, 1937. Rehearing denied December 16, 1937. Transfer denied May 21, 1938.]

*Eggeman, Reed & Cleland* and *Flanagan & Murphy,* for appellant.

*Barrett, Barrett & McNagny, Leigh L. Hunt, Mentor Kraus* and *J. A. Bruggeman,* for appellees.

KIME, J.—This action was brought by appellee against the Mercer Casualty Company by an amended complaint alleging that Alline Kreamer, by her next friend, Harvey Kreamer, recovered judgment by default against Herbert Weikel in an action in the Superior Court of Allen County, Indiana, on February 24, 1934, in the sum of $2,500.00 and costs; that on August 1, 1934, execution was issued on said judgment and returned unsatisfied; that no part of said judgment has been paid; that Weikel is insolvent and that The Mercer Casualty Company was the insurer on the automobile which was being driven by Weikel at the time Alline Kreamer was injured, for which injuries she obtained the judgment hereinabove mentioned. To this complaint defendant answered in general denial, and, on the issues thus formed, trial was had before a jury, resulting in a verdict for plaintiff in the sum of $2,625.25 plus interest at six per cent from March 11, 1935. Motion for new trial was overruled and judgment was entered according to the verdict.

This appeal followed and the error assigned is that the court erred in overruling appellant's motion for new trial, the grounds that are properly presented being that the verdict of the jury: (a) is not sustained by sufficient evidence; (b) that it is contrary to law; and (c) that the court erred in giving and reading each of the instructions numbered 2, 3, and 3½.

The evidence discloses that Richard D. Graber, as administrator of the estate of A. W. Graber, transferred on sale, by order of court, the title to an automobile

belonging to said estate to Mary Macey, whom he was engaged to marry; that at that time said automobile was insured in The Mercer Casualty Company; that Richard D. Graber explained to the agent of that company that he (Graber) had purchased the automobile but had placed the title in Mary Macey and asked if it was necessary to buy a new policy to insure the automobile or whether the old one could be transferred and the agent said that if a clear title to the automobile could be shown that the old policy could be transferred. Thereupon the policy in appellant company then on said automobile was transferred to Mary Macey. Said Graber and Mary Macey had an agreement in reference to the automobile "that either of us would leave the other allow any person to drive the automobile that we thought was competent, and that is the only understanding we ever had as to how it would be used and operated," and at the time Mary Macey last left the automobile in Graber's possession, before the accident, she gave him no instructions as to how he should use the automobile and placed no restrictions upon the use thereof and "it was perfectly alright that he should use it any way he wanted to."

On May 6, 1932, Graber, who had possession of the automobile, drove to his work with Weikel; that on arriving at his destination about 3:00 o'clock P. M. he told Weikel, his cousin (who was an adult member of his household and not his domestic servant), to have the automobile washed and return for him (Graber) at 11:00 o'clock P. M. Graber at the time he turned the automobile over to Weikel placed no restrictions whatsoever on the use of the automobile by Weikel except that he was to call for Graber at the designated time. During the time Weikel had the use of the automobile Alline Kreamer, who was riding in the automobile as his guest, was injured when the accident occurred.

The evidence further discloses that after the accident representatives of The Mercer Casualty Company called at the home of Alline Kreamer and one of them asked how much the doctor and hospital bill would amount to and when he was informed that that was not yet known he said that when that amount was determined everything would be taken care of and all the bills would be paid. Later the representative informed the parents of Alline Kreamer that the insurance company had refused to make any settlement of their claim and that if the parents wanted to go any further they should engage an attorney.

It further appears that the repairs to the automobile were paid for by The Mercer Casualty Company and that Mary Macey signed the release and in the sworn proof of loss said that she was the owner of the automobile.

Appellant first questions the sufficiency of the evidence as to whether or not there was established thereby: (1) that Mary Macey was the owner of the automobile insured at the time of the collision; (2) that at that time Herbert Weikel was driving the automobile with the consent and permission of the assured, Mary Macey; and (3) that at the time of the collision said Weikel was one intended to be insured within the terms of the policy.

We have read the evidence and find that there is sufficient from which the jury was justified in finding that either Mary Macey was the owner of the automobile at the time of the collision, or that appellant waived the condition of sole and unconditional ownership by virtue of its knowledge of the ownership through its agent and by a failure, on the part of appellant, to rescind the policy and tender back the premium; that she had given consent and permission to Graber to drive the automobile; that she also

had conferred blanket authority upon Graber to let anyone drive the automobile whom he thought was a competent driver; that thereby she empowered her agent (Graber) to permit Weikel (whom Graber testified he considered a competent driver) to drive the automobile; that Graber gave Weikel permission to drive the automobile and placed no restrictions upon the use thereof by Weikel, except that he was to call for Graber at 11:00 o'clock P. M.; that Weikel was responsible for the operation of the automobile at the time of the collision and hence was one intended to be insured within the terms of the policy by virtue of the following contained therein: "EXTENDED COVERAGE. This policy shall . . . in addition to the named assured, inure to the benefit of any person, firm or corporation responsible for the operation of any automobile or other vehicle described herein, PROVIDED said vehicle is being used with the express or implied consent of named assured or of an adult of his household (not a chauffeur or domestic servant), firm or corporation, and for purposes rated by the Company as not more hazardous than that stated in assured's application for his policy. This extension of coverage shall not be available to a public automobile garage, automobile repair shop, automobile sales agency, automobile service station, and the agents or employees thereof." *Vulcan Ins. Co.* v. *Johnson* (1920), 74 Ind. App. 62, 128 N. E. 664; *National Mut. Ins. Co.* v. *Bales* (1923), 81 Ind. App. 302, 141 N. E. 481; *Dickison* v. *Maryland Cas. Co.* (1924), 101 Conn. 369, 125 Atl. 866; *Stovall* v. *N. Y. Indemnity Co.* (1928), 157 Tenn. 301, 8 S. W. (2d) 473, *Odden* v. *Union Indemnity Co.* (1930), 156 Wash. 10, 286 Pac. 59; *Georgia Cas. Co.* v. *Waldman* (1931), 53 F. (2d) 24, C. C. A. 5th; *Boyer* v. *Mass. Bonding & Ins. Co.* (1931), 277 Mass. 359, 178 N. E. 523; *Am. Ins. Co.* v. *Woolfolk* (1932), 96 Ind. App. 445, 169 N. E. 342;

*Tomasetti* v. *Maryland Cas. Co.* (1933), 117 Conn. 505, 169 Atl. 54; *Drewek* v. *Milwaukee Auto Ins. Co.* (1932), 207 Wis. 445, 240 N. W. 881; *Boudereau* v. *Maryland Cas. Co.* (1934), 287 Mass. 423, 192 N. E. 38.

Appellant complains of the giving by the court of instructions numbered 3 and 3½ and by its contentions again says that Mary Macey was not the owner of the automobile. Since we have decided that there was evidence to sustain the finding that she was the owner, these instructions were not erroneous.

Appellant contends that the court erred in giving instruction numbered 2 tendered by the appellee, which instruction is as follows: "At the time that the accident in question happened, it was provided by law in this state in substance that no policy of insurance against loss or damage resulting from loss, damage to, or injuries suffered by any person or persons for which the person covered by said insurance policy is liable, shall be issued or delivered by any insurance company in this state unless such policy contains a provision that the insolvency or bankruptcy of the person insured shall not release the insurance carrier from the payment of damages for injuries sustained or loss occasioned during the life of the policy, and that in case an execution against the insured is returned unsatisfied because of the insolvency or bankruptcy of such insured in an action brought by the injured person, then an action may be maintained by an injured person against the insurance company under the terms of its policy for the amount of the judgment in said action, not exceeding, however, the amount of the policy.

"I therefore instruct you that if you find from the evidence in this case that the Herbert Weikel against whom the plaintiff recovered judgment in the Superior Court of Allen County for two thousand five hundred dollars ($2500) was an additional insured within the

meaning of the policy herein sued upon, and that execution was issued on said judgment and returned unsatisfied because of the insolvency of said Weikel, then the plaintiff is authorized to bring this action against the defendant and this is true even though said Weikel is not specifically named as an assured in said policy," and says that Chap. 180, p. 649, of the Acts of 1931, upon which this instruction is based, does not intend what the instruction seeks to convey. Weikel was here operating the automobile with the permission, express or implied, of the owner. In this operation he was negligent and damages resulted for which the insurer is liable under this act.

Finding no reversible error, the judgment of the Huntington Circuit Court is in all things affirmed.