**HOME MUTUAL INSURANCE COM-
PANY, Plaintiff,**

**v.**

**AUTOMOBILE UNDERWRITERS, INC,**
Attorneys-in-fact for the subscribers at
State Automobile Insurance Association
of Indianapolis, Indiana, Larry Richard
Cravens, Thomas D. Titsworth, as Ad-
ministrator of the Estate of William E.
Arnold, deceased, Elmer H. Davisson,
d/b/a Danville Automotive Supply, Do-
lores Brewer and Wayne Brewer, De-
fendants.

**No. IP 65–C–250.**

United States District Court
S. D. Indiana,
Indianapolis Division.

Dec. 6, 1966.

As Corrected Jan. 18, 1967.

diana, and Elmer H. Davisson, d/b/a Danville Automotive Supply.

Fulmer, Burris & Byrum, Indianapolis, Ind., for defendant Larry Richard Cravens.

Yockey & Yockey, Indianapolis, Ind., for defendants Thomas D. Titsworth, as Administrator of the Estate of William E. Arnold, deceased, Dolores Brewer and Wayne Brewer.

DILLIN, District Judge.

## OPINION

This diversity declaratory judgment action comes before the Court for decision on the separate motions for summary judgment filed by all parties having a pecuniary interest in its result. The facts, as adduced from the admissions, stipulations, and depositions on file, are not in dispute. The principal question presented is as to whether William Arnold (now deceased) and Larry Richard Cravens, or either of them, is an additional insured under the omnibus clause of a policy of automobile liability insurance issued by the corporate defendant ("State Auto") to the defendant Elmer H. Davisson in the situation presented by such facts.

On November 14, 1964, Arnold held three jobs. During the day he worked for Davisson as an outside salesman, selling auto parts. In the early evening he was a cook at a restaurant in Danville, Indiana—the same city where Davisson's place of business was located—and later in the night he worked as manager of a night club in Indianapolis, some twenty-five miles east of Danville. His residence was at Speedway, Indiana, which adjoins Indianapolis on the west, and is about twenty miles east of Danville. Davisson was familiar with Arnold's jobs, and with his place of residence.

Arnold used a van owned by Davisson and insured by State Auto in connection with his work for Davisson, customarily driving to and from work in his own automobile (insured by plaintiff) and using the van only while on the job. However, Arnold's own car had been out of serv-

Armstrong, Gause, Hudson & Kightlinger, Indianapolis, Ind., for plaintiff.

Steers, Klee, Jay & Sullivan, Indianapolis, Ind., for defendants Automobile Underwriters, Inc., Attorneys-in-fact for the subscribers at State Automobile Insurance Association of Indianapolis, In-

ice for about two weeks prior to November 14, and he had been working on it at Davisson's place of business, with Davisson's knowledge and consent. This work was done after getting off work at the restaurant and before going to the night club. During all of such period, Davisson had permitted Arnold the further use of the van without limitation as to its use, except that Arnold was specifically instructed not to use the vehicle in driving to the night club. Each man held an unexpressed understanding that Arnold's primary non-business use of the vehicle would be in driving between Danville and Arnold's residence in Speedway; however, Davisson knew that Arnold drove the van to the restaurant, and back to his place of business for purposes of working on the car, and had no objection thereto. He wanted Arnold to finish the car repair as soon as possible, and would have had no objection to Arnold's driving the van for the purpose of obtaining repair parts or materials, although such subject was never expressly discussed.

On the evening of November 14, Arnold drove the van to the restaurant and went to work there. He intended to return to Davisson's establishment and do some sanding on his car. He asked the defendant Cravens, a bus boy at the restaurant, to take the van, go to a hardware store some twelve blocks away, and purchase some sandpaper for him. Cravens undertook the mission, and while en route to the hardware store struck the defendant Dolores Brewer, a pedestrian, with the van. She and her husband, the defendant Wayne Brewer, filed appropriate state court actions against Cravens and Arnold, which are still pending.

State Auto's policy, in force at the time of the accident, was issued to Davisson and covered the van. It contained a clause agreeing to pay on behalf of the insured all sums up to a limit of $25,000.00 for each person, and $50,000.00 for each occurrence, which the insured shall become legally obligated to pay as damages because of bodily injury sustained by any person arising out of the use of the automobile, and to defend any

suit alleging such bodily injury. With respect to insurance for bodily injury liability, the persons insured were defined as follows:

"(a) With respect to the owned automobile,

(1) The named insured * * *

(2) Any other person using such automobile with the permission of the named insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission."

The Indiana courts have not passed upon the questions presented, but it is nevertheless our duty to ascertain the Indiana law. Meredith v. City of Winter Haven, 320 U.S. 228, 64 S.Ct. 7, 88 L.Ed. 9. In Arnold v. State Farm Mutual Automobile Ins. Co., 7 Cir., 1958, 260 F.2d 161, the United States Court of Appeals for this Circuit, in an opinion by Chief Judge Hastings, held that the Indiana courts of appeal, like the Illinois courts, would follow the "liberal rule" in construing the omnibus clause of insurance contracts, citing American Employers' Ins. Co. v. Cornell, 1948, 225 Ind. 559, 76 N.E.2d 562 and Mercer Casualty Co. of Celina, Ohio v. Kreamer, 1937, 105 Ind.App. 358, 11 N.E.2d 84. In the eight years which have intervened since such opinion was published the General Assembly of Indiana has held and concluded four regular sessions and three special sessions, but has not enacted any statute to the contrary; neither has any Indiana court of appeals held to the contrary. We therefore take such rule to be settled.

In Arnold, the question was whether an employee who deviated from his designated route to visit a bootlegging establishment, and who had an accident while thus off route, was covered by the policy; it was held that he was. According to the "liberal" rule as applied to such facts it was stated that the permittee "'need only to have received permission to take the vehicle in the first instance, and any use while it remains in his possession is "with permission" though that use may be for a purpose not contemplated by the

assured when he parted with possession of the vehicle.' 5 A.L.R.2d 622." It will be noted that the omnibus clause in that case simply required that "the actual use of the automobile is by the named assured or with his permission," whereas the State Auto policy in suit adds the additional proviso that the permittee's actual operation or (if he is not operating) his other actual use thereof be within the scope of such permission. Thus, the insurance carrier here, by changing the language of its omnibus clause, attempted to avoid the consequences of the Arnold rule in future cases having a similar factual context.

But the fact situation in the present case is not the same as in Arnold v. State Farm Mutual Automobile Ins. Co. As to Davisson's employee, William Arnold, there can be no doubt but that the use of the insured van to drive to the hardware store for sandpaper would have been within the scope of the permission granted, had the driving been done by William Arnold himself. There was no general restriction on his use of the vehicle, and it was known to Davisson that Arnold drove it about the City of Danville, in addition to driving it to and from his home in Speedway. He thus consented to such use, at least by implication. The critical question thus appears to be whether the delivery of the van by William Arnold, the first permittee, to young Cravens, the second permittee, should relieve State Auto under the particular omnibus clause contained in the policy in suit, liberally construed. We hold that it should not.

■■■ Arnold v. State Farm Mutual Automobile Ins. Co. discusses two types of situations where liberal construction of the omnibus clause may afford coverage to the non-owner. One is the precise situation which obtained in that case—deviation from route by the original permittee; the other is the situation where the first permittee delivers possession of the vehicle to a second permittee. Under the liberal rule, coverage may be implied to the second permittee when the owner does not expressly forbid such delegation.

Cf. Standard Accident Ins. Co. v. New Amsterdam Cas. Co., 7 Cir., 1957, 249 F.2d 847. As above pointed out, the policy in suit seeks by its terms to exclude coverage in the first permittee/deviation situation, but it does not attempt similarly to exclude coverage in the second permittee situation. In fact, the language of the policy: " * * * *provided his actual operation or (if he is not operating) his other actual use thereof * * * "* expressly contemplates by the portion thereof appearing in brackets, that the first permittee may make proper actual use of the vehicle without operating it himself. Certainly, the operation of the van by Cravens was for the actual use of William Arnold. Since such use was within the scope of the permission granted to Arnold by Davisson, and since Davisson did not prohibit Arnold from authorizing another to use the van for Arnold's own permitted purpose, it follows that both Arnold and Cravens are insured under such policy, to the extent of its limits.

■ In summary, we hold generally, following Arnold v. State Farm Mutual Automobile Ins. Co., supra, that Indiana will liberally construe omnibus clauses in automobile liability insurance contracts. We hold, more narrowly, that under such construction consent of the owner to the use by a second permittee of an automobile loaned to a first permittee will be implied in Indiana, if such use is for the benefit of the first permittee, and within the scope of his original permission. This also appears to be the modern rule followed in a majority of the states where the question has arisen. 7 Am.Jur.2d § 117, p. 435; 4 A.L.R.3d 115.

The plaintiff, Home Mutual Insurance Company, ("Home Mutual") had two policies of automobile liability insurance in force at the time of the accident: policy number PA639636 issued to Glenn M. Cravens, father of the defendant Larry Richard Cravens, and policy number PA639706, issued to the defendant William Arnold. It is not seriously contended by any party that the Cravens

policy extended coverage to Larry Richard Cravens, as he clearly is not within the policy definition of the insured with respect to non-owned automobiles. It is also not seriously disputed by Home Mutual that Arnold's policy affords coverage both to himself and to Larry Richard Cravens. The "Other Insurance" clause of the Arnold policy, however, provides in part as follows: " * * * provided, however, the insurance with respect to a temporary substitute automobile * * * shall be excess insurance over any other valid and collectible insurance."

The Davisson van was a temporary substitute automobile as to Arnold. It therefore follows that State Auto policy 13 6 152 501 002, issued to Davisson affords primary coverage to the defendants Larry Richard Cravens and to Thomas D. Titsworth, as Administrator of the Estate of William E. Arnold, to the extent of its applicable limits, and that Home Mutual policy PA639706, issued to William Arnold, provides excess coverage to such defendants over the limits contained in the Davisson policy. Home Mutual policy PA639636 does not afford coverage to either defendant. Summary judgment will be entered accordingly.