STATE FARM FIRE AND CASUALTY COMPANY V. GARY C. WHITE ET AL.

[No. 3-774A118. Filed February 17, 1976. Rehearing denied March 31, 1976. Transfer denied August 26, 1976.]

*John F. Lyons,* of Fort Wayne, for appellant.

*Ronald Frybarger,* of Fort Wayne, *Carl J. Suedhoff,* of Fort Wayne, *Ronald K. Gehring,* of Fort Wayne, *David Miller,* of Fort Wayne, for appellees.

GARRARD, J.—After the trial of State Farm's suit for declaratory judgment, the court made findings and adjudged that a policy of automobile liability insurance issued by State Farm to Carolyn Gilbert provided coverage for a collision that occurred on the night of August 22, 1971. The question presented by this appeal is whether, under the facts and circumstances of this case, the court could properly find that the vehicle was being operated by an "insured" at the time and place of the collision.

The policy defined "insured" to include, in addition to Gilbert,

> ". . . any other person while using the motor vehicle, provided the operation and the actual use of such vehicle are with the permission of the named insured or such spouse and are within the scope of such permission."

The facts in evidence established the following: Gilbert owned the car. Also involved in the events of that day were three other persons, Fish, White and Copley. Gilbert was engaged to Copley. On prior occasions she had loaned the car to both Fish and White, and she had confidence in their ability as drivers. On August 22, 1971, and for at least the

two preceding days, all four had been staying at Fish's residence.

About 4:00 p.m. Fish asked Copley (who had the ignition keys) if he could use the car to go to the store. Copley asked Gilbert if Fish could use the car, and she granted permission but indicated the car should be returned in time for her to go to church that evening. (The church services began around 7:00 or 7:30 p.m.) Copley then gave the keys to Fish, and Fish and White left together. Admittedly, there were no express restrictions as to where the car could be taken or who was permitted to drive. In fact, after driving to a gas station, Fish and White drove to Van Wert, Ohio, with two girls. On their return later that evening, they stopped and White became the driver. The reason for this change was that both knew Copley's sister was depending upon this car to pick her up when she finished work that night, and White was more familiar with Ft. Wayne streets and how to get to the place where she was employed. Shortly after the change in drivers and at about 9:30 p.m., the collision occurred near New Haven, Indiana.

State Farm asserts that upon the facts, it was error for the court to conclude that its policy provided coverage. We disagree and affirm the judgment.

In one of the early cases construing Indiana law applicable to such omnibus clauses, our Supreme Court interpreted the policy language "with the permission of the named insured" to contemplate either express or implied permission. *American Employers' Ins. Co.* v. *Cornell* (1948), 225 Ind. 559, 76 N.E.2d 562.

In *Arnold* v. *State Farm Mutual Automobile Ins. Co.* (C.A. 7th 1958), 260 F.2d 161, the federal court construed Indiana law applicable to such clauses where an employee, with his employer's permission to use the employer's auto in connection with business, was involved in a collision after he had used the vehicle to visit a tavern. Relying on Cornell

and the earlier decision in *Mercer Cas. Co.* v. *Kreamer* (1937), 105 Ind. App. 358, 11 N.E.2d 84, the court concluded that Indiana applied the liberal rule in construing such provisions, and held that such a deviation in use was insufficient to negate coverage.

This was followed by *State Farm Mut. Auto Ins. Co.* v. *Automobile Underwriters, Inc.* (C.A. 7th, 1967), 371 F.2d 999, where in the absence of an express restriction to the contrary, the court found coverage although the original permittee had allowed another to drive. While the court in this case noted that the use made by the "sub-permittee" was for the benefit of the original permittee and was within the scope of the original permission, those factors were not found controlling in this district's reversal of a directed verdict for the insurer in *Tisdale* v. *Nationwide Mutual Ins. Co.* (1971), 148 Ind. App. 670, 269 N.E.2d 390.

A similar result was reached in *Home Mutual Ins. Co.* v. *Automobile Underwriters, Inc.* (S.D. Ind. 1966), 261 F.Supp. 402, where the court found that coverage might be implied to the second, or sub-permittee, when the owner did not expressly forbid such delegation.

In *Auto Owners (Mutual) Ins. Co.* v. *Stanley* (N.D. Ind. 1967), 262 F.Supp. 1, a high school boy dressed in suit and tie and carrying a brief case went to a local auto agency. He represented to the salesman that he was a Notre Dame student and was interested in acquiring a car for his wife. Stating that he was interested in a particular car and that he wished to have it checked by a mechanic he knew, he secured permission to take the car for a test drive and inspection. While he was out driving around, he was involved in a collision. The court rejected the insurer's defense based upon fraud on the lack of materiality of the boy's representations and the failure of the salesman to make reasonable inquiry to avoid being misled. In holding that the omnibus clause afforded coverage, Judge Grant stated:

"Ultimately, the person who suffers on account of careless entrustment of automobiles is the third party injured by a financially irresponsible permittee. The burden placed upon the permittor-insured to exercise reasonable discretion in the selection of drivers at the expense of coverage under his insurance policy, is insignificant in comparison. If he extends permission indiscriminately, neither he nor his insurer may seek to withdraw protection by narrowly construing the omnibus clause. It is widely recognized that the public represents an anonymous third party to the insurance contract, having a clearly definable interest in its interpretation." 262 F.Supp. 1, 5.

We believe these decisions correctly interpret the Indiana law. The provisions of the omnibus clause are to be liberally construed. Under such a construction, the evidence was sufficient to sustain the trier of fact in finding that at the time of the collision, the vehicle was operated with the implied permission of the named insured.

Nor is our conclusion altered by the testimony elicited from Gilbert at trial that had she known Fish and White would not have returned the car in time for her to attend church, she would not have granted permission to take the car. At most, such an after-the-fact conclusion is circumstantial evidence bearing on the factual question of what consent was implied when the car was delivered to Fish. It does not serve to limit the consent *ab initio* as a matter of law.

One point remains. State Farm asserts that even if permission might be implied under typical omnibus clause provisions, no such inference may be drawn in this case because the language in Gilbert's policy specifies that the use by the permittee must not only be with the permission of the named insured, but must also be *within the scope* of such permission.

We fail to understand how this additional qualification creates any additional restriction to interpreting "permission." It would be accurate to state that all the decisions reviewed herein concern the permission that may be implied

from the permission expressly given. Stated differently, if the circumstances present established that the use in question was beyond the scope of the permission that might be *implied*, the use would *a fortiori* be without permission. Since the purported qualifying phrase relies upon "permission" for its meaning, and since permission may be implied, the inquiry for the trier of fact remains the same.

The judgment is affirmed.

Staton, P.J. and Hoffman, J., concur.

NOTE.—Reported at 341 N.E.2d 782.