## STANDARD MUTUAL INSURANCE COMPANY, Plaintiff,

### v.

### John PAVELKA, As Administrator of the Estate of Sheila Radcliff, Laura Lally, and Laura Lally by her mother and next friend, Diana Alvey, Defendants.

### No. EV 80–238–C.

United States District Court,
S.D. Indiana,
Evansville Division.

Dec. 2, 1983.

Gerald Allega, Evansville, Ind., for plaintiff.

Michael H. Hagedorn, Tell City, Ind., James R. De Motte, Jasper, Ind., for defendants.

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

BROOKS, District Judge.

The plaintiff, Standard Mutual Insurance Company, filed a complaint seeking a declaratory judgment as to their liability under a certain insurance policy and thereafter filed a motion for summary judgment on the grounds that there existed no genuine issue as to any material fact and that they were entitled to judgment as a matter of law.

The Court, after considering the pleadings, the briefs of the parties, the depositions of William T. Young and Diane Alvey and Roger Young, and the affidavits of William T. Young, Regina C. Young and C. Fred Ray, conclude that said motion is GRANTED.

The facts are undisputed that William T. Young is the owner of a vehicle insured by the plaintiff. He along with his wife, Regina C. Young are "named insureds" under the policy. That on September 25, 1978, Roger Young, son of William and Regina, and a member of their household, was given permission to drive the car. The son picked up his date, Constance Edwards, along with Laura Lally and Shelia Radcliff and drove to a party. Upon arriving at the party he parked the car, leaving the keys in the car and the doors unlocked. Sometime, during the course of the evening, Constance Edwards and Shelia Radcliff took the car for a drive and returned it to the same location, leaving the keys in the ignition and the doors unlocked. Later, Shelia Radcliff drove the car with Laura Lally as a passenger. A wreck occurred with Shelia Radcliff being killed and Laura Lally injured. Roger Young had been told by his father on several occasions that he·was not to permit anyone else to drive the car. There is some evidences that on previous occasions he had allowed both Shelia Radcliff and Constance Edwards to do so, but there is no evidence that on the night of this accident he gave anyone permission to drive the car, and the evidence is clear that he was without knowledge of it being driven on both occasions.

The issue in this case is whether Shelia Radcliff was a person insured under the policy of insurance owned by William T. Young.

Public policy, as expressed by court decisions, requires a liberal construction of insurance contracts in order that coverage be provided whenever possible. *Home Mutual Insurance Co. v. Automobile Underwriters, Inc., 261 F.Supp. 402.*

The applicable Indiana is 27–1–13–7, which provides:

> ... No such policy shall be issued or delivered in this state to the owner of a motor vehicle, by any domestic or foreign corporation, insurance underwriter, association or other insurer authorized to do business in this state, unless there shall be contained within such policy *a provision insuring such owner* against liability for damages for death or injury to person or property resulting from negligence in the operation of such motor vehicle, in the business of such owner or otherwise by any person legally using or operating the same with the permission,

*express* or *implied* of such owner. Indiana Code (1971) [Emphasis supplied.]

The insurance policy issued by the plaintiff to Mr. Young provides as follows: Persons Insured—The following are insured under Part 1

(a) With respect to the owned automobile,

(1) the named insured and any resident of the same household

(2) Any other person using such automobile with the permission of the named insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission.

The "named insured" is defined in the policy as including the spouse if a resident of the same household.

█ It is clear that the Indiana statute does not require insurance policies to cover the liability of permissive users. It is also clear that the policy in issue here is much broader than that required by Indiana law. It provides coverage for the named insured (normally the owner), his spouse and other person using the vehicle with the permission of the "named insured". Indiana law clearly requires that the policy cover the owner against liability when the car is being operated by some other person with his permission, express or implied, but it is silent as to covering anyone else's liability. Thus, by providing coverage broader than that required by Indiana law, the plaintiff's insurance contract cannot be said to be violative of Indiana public policy.

█ The defendants in this case argue that coverage exists by virtue of implied consent, in that the son permitted one of the defendants and another person to drive the car on previous occasions. This overlooks the term of the insurance contract which provided that only the "named insured" could give the necessary permission. To accept the defendants' argument would give the policy broader coverage than that provided in the insurance contract. Certainly, there is an absence of permission from the "named insured" to

either Shelia Radcliff or Laura Lally. In fact the evidence reveals that Mr. Young expressly forbid his son from letting anyone else drive the car. In the absence of either express or implied authority to drive the car from the "named insured", the limitation on the extent of coverage must be recognized.

Therefore, this Court concludes that the law is with the plaintiff and that there exists no genuine issues of fact and that the Plaintiff is entitled to a judgment as a matter of law.

IT IS THEREFORE, ORDERED, that the summary judgment motion of the plaintiff is hereby GRANTED, and that judgment be entered for the plaintiff, with costs to be taxed by the Clerk of this Court in favor of the plaintiff and against the defendants.