NAJAM, Judge.
 

 STATEMENT OF THE CASE
 

 State Farm Mutual Automobile Insurance Company brings a permissive interlocutory appeal which this court granted pursuant to Appellate Rule 4(B)(6) following the trial court’s denial of State Farm’s motion for summary judgment in its action for declaratory judgment. Anthony Gonterman was in an automobile accident in Vincennes with a
 
 *809
 
 vehicle driven by Robert Bean while Gonter-man was driving a ear owned by Jess Hen-dershot and insured by State Farm in Hen-dershot’s name. Gonterman was driving the vehicle with the permission of Hendershot’s daughter, Susan Hendershot, who had been expressly forbidden by her parents from loaning the vehicle to others. State Farm sought a determination both that Gonterman was not insured under the policy as a permissive user of Hendershot’s vehicle and that it did not owe a duty to defend Gonterman in litigation with the Beans pending in the Da-viess Circuit Court.
 

 We reverse and remand with instructions.
 

 ISSUE
 

 We restate the issues presented for review as one, dispositive issue: whether Gonterman was a permissive user of Hendershot’s automobile under the omnibus clause in State Farm’s policy.
 

 DISCUSSION AND DECISION
 

 Standard of Review
 

 When reviewing a ruling on a motion for summary judgment, we conduct the same inquiry followed by the trial court.
 
 Selleck v. Westfield Insurance Co.
 
 (1993), Ind.App., 617 N.E.2d 968, 970,
 
 trans. denied.
 
 Summary judgment is appropriate only if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Ind. Trial Rule 56(C). All facts and inferences from the designated evidentiary matter must be liberally construed in favor of the nonmoving party.
 
 Selleck,
 
 617 N.E.2d at 970. The construction of an insurance contract is a question of law for which summary judgment is particularly appropriate.
 
 Id.
 

 Permissive User
 

 The Beans contend that summary judgment for State Farm was properly denied because genuine issues of material fact remain concerning whether (1) Gonterman had implied permission to use Hendershot’s automobile and (2) whether Hendershot’s daughter, Susan, possessed apparent authority to authorize Gonterman’s use of the automobile. From our review of the designated evidentia-ry matter, we cannot agree.
 

 A. Scope of Implied Permission
 

 The Beans first claim that Gonterman was driving Jess Hendershot’s vehicle within the “scope of consent” Hendershot had given his daughter, Susan, to use the vehicle. The Beans reason that when Susan permitted Gonterman to drive the automobile, Gonter-man obtained valid consent because he did not know that Susan’s parents had expressly restricted her from allowing others to use the vehicle. According to the Beans, a question of fact exists “regarding whether that restriction was ever given, or whether that restriction was ever withdrawn, at least by implication.” Brief of Appellees at 5.
 

 The State Farm policy provision at issue in this case states in relevant part:
 

 SECTION I — LIABILITY—COVERAGE A
 

 ‡ # & * # #
 

 Who Is an Insured
 

 4. any person while using such a car if its use is within the scope of consent of you or your spouse;
 

 Record at 19. This provision is known as an omnibus clause and, as required by Indiana law, the policy must insure Hendershot against liability when others drive his vehicle with his express or implied permission.
 
 See
 
 IND.CODE 27-1-13-7. Indiana follows the “liberal rule” when interpreting the scope of coverage under an insurance policy omnibus clause.
 
 Manor v. Statesman Ins. Co.
 
 (1993), Ind.App., 612 N.E.2d 1109, 1113,
 
 trans. der nied.
 
 The liberal rule has been articulated as follows:
 

 one who has permission of an insured owner to use his automobile continues as such a permittee while the car remains in his possession, even though that use may later prove to be for a purpose not contemplated by the insured owner when he entrusted the automobile to the use of such permit-tee.
 

 Id.
 
 (quoting
 
 Arnold v. State Farm Mut. Auto. Ins. Co.
 
 (7th Cir.1958), 260 F.2d 161,
 
 *810
 
 165). The permissive user’s deviation from the use intended by the owner does not operate to terminate the initial permission granted by the owner in order to deny coverage under the omnibus clause.
 
 Id.
 

 However, when the owner places restrictions on use of the vehicle, violations of such use restrictions may terminate the initial permission.
 
 Id.
 
 at 1114. “When the owner of a vehicle places express restrictions on its use by others, the focus is not on whether the operator deviated from the contemplated use; the determinative question is whether
 
 the operator’s use of the vehicle was restricted in the first instance.” Id.
 
 at 1113 (emphasis added). In a coverage dispute, permissive use cannot be implied when an express restriction on the scope of permission prohibits the use at issue.
 
 Id.
 
 at 1114.
 

 Here, in support of its motion for summary judgment, State Farm designated several affidavits, including Hendershot’s affidavit in which he averred that while he had granted permission to Susan to drive the vehicle, he “had informed her repeatedly that no other person was permitted to drive the vehicle.” Record at 154. Hendershot further affirmed that he at no time granted Gonterman permission to use his vehicle and that he did not even personally know Gonterman. Hendershot’s spouse, Charlene, corroborated her husband’s statements in her affidavit. Charlene also stated that she had repeatedly instructed Susan not to permit others to drive the vehicle, that she did not personally know Gonterman and that she had never granted Gonterman permission to drive the vehicle. Susan confirmed in her affidavit that her parents had placed such restrictions on her use of the vehicle and that she violated her parents’ express instructions when she permitted Gonterman to drive the vehicle. Gonterman himself admitted in his deposition that he had never met Susan’s parents.
 

 In opposition to State Farm’s motion, the Beans relied upon Susan’s affidavit and Gon-terman’s deposition testimony which disclosed that Susan had permitted Gonterman to drive the vehicle. The Beans also designated Gonterman’s testimony that he' had driven the vehicle on numerous prior occasions and that Susan had never advised him of the restrictions her parents had placed upon her use of the vehicle.
 

 The designated evidence demonstrates that Susan’s parents placed express use restrictions upon Susan’s use of their vehicle and that Susan violated those restrictions when she permitted Gonterman to drive the vehicle. Despite the Beans’ contention, there is no issue of material fact that Gonterman’s repeated use of the vehicle, even with Susan’s unauthorized permission, was with the implied consent of her parents. Once Susan violated the express restrictions placed upon her use of the vehicle by permitting Gonter-man to drive it, Susan’s initial permission to use the vehicle was terminated.
 
 See Manor,
 
 612 N.E.2d at 1114. Accordingly, Gonter-man’s use was outside the scope of Susan’s permission, and Gonterman did not have implied permission from Susan’s parents to use the vehicle.
 
 See id.
 
 Gonterman was not a permissive user.
 

 B. Apparent Authority
 

 The Beans also maintain that Gonterman’s use of Hendershot’s vehicle with Susan’s permission arose from Susan’s “apparent authority to authorize others to drive this vehicle.” Brief of Appellees at 6. The Beans premise this argument on Gonterman’s perception that Susan had “unlimited” use of the vehicle and his belief that Susan’s parents gave her the vehicle for her own use when she turned age 16. Thus, according to the Beans, it was reasonable for Gonterman to assume that Susan had apparent authority to authorize him to use the vehicle. We disagree.
 

 The Beans’ “apparent authority” argument was rejected in
 
 Riverside Ins. Co. of America v. Smith
 
 (7th Cir.1980), 628 F.2d 1002, in which the Seventh Circuit interpreted Indiana law on this issue. In
 
 Smith,
 
 the adult daughter of the insured owner had loaned her mother’s vehicle to a friend who was involved in a fatal accident with another driver.
 
 Id.
 
 at 1004. The survivors of the other driver, who was also killed, alleged that the daughter’s friend was a permissive user and, thus, an insured under the mother’s automobile policy.
 
 Id.
 
 The court considered
 
 *811
 
 the policy’s omnibus clause which defined an insured to include:
 

 any other person or organization legally responsible for the use thereof, provided the actual use is ... with the permission of an adult member of the Named Insured’s household, ... provided that such adult member of said household is
 
 authorized
 
 by the Named Insured or spouse to grant such permission.
 

 Id.
 
 (emphasis added).
 

 The court in
 
 Smith
 
 first noted that Indiana Code § 27-1-13-7 “speaks only of express or implied permission” and to inject an “ ‘apparent authority
 
 [1]
 
 argument into this schematic would disrupt the obvious intent of the Indiana legislature to require coverage only ... where the permittee had received express or implied permission.”
 
 Id.
 
 at 1008. The court further observed that even if apparent authority principles were applied, there was no evidence to establish an agency relationship.
 
 Id.
 
 The alleged permittee did not inquire of the daughter whether or not the ear was insured, the permittee did not rely upon representations of an agency relationship made by daughter, and the daughter’s act of lending the car to her friend did not show that the daughter was an agent of her mother.
 
 Id.
 
 Thus, the court in
 
 Smith
 
 held that the term “authorized” contained in the policy’s omnibus clause, when read in light of the statute and the lack of evidence establishing an agency relationship, did not invoke apparent authority concepts.
 
 Id.
 

 Here, as in
 
 Smith,
 
 we conclude that Gon-terman was not a permissive user of Hender-shot’s vehicle based on Susan’s apparent authority to grant Gonterman such permission. We agree that Indiana Code § 27-1-13-7 does not contemplate insuring an owner against liability which results when his vehicle is operated by a person who ■ obtains permission from one acting under the owner’s apparent authority. The statute only applies to those who obtain express or implied permission to drive the owner’s vehicle and, as we noted above, Gonterman secured neither type of permission from Hendershot or his spouse.
 
 [1]
 

 Further, the Beans have not designated any evidence which creates a genuine issue of material fact concerning Susan’s apparent authority to grant Gonterman permission to drive the vehicle. To establish apparent authority, it is essential that there be some form of communication, direct or indirect, by the principal which instills a reasonable belief of the agent’s authority in the mind of the third party.
 
 Pepkowski v. Life of Indiana Ins. Co.
 
 (1989), Ind., 535 N.E.2d 1164, 1167. Statements or manifestations made by the purported agent are insufficient to create an apparent agency relationship.
 
 Id.
 

 It is clear from the evidence in this case that Susan’s parents made no such communications to Gonterman. There is no evidence Gonterman relied on any representations by Susan’s parents that Susan had authority to act on their behalf. The Beans do not contend, nor is there evidence which demonstrates, that Susan told Gonterman she had authority to permit others to drive the vehicle. Rather, Gonterman only thought that Susan had such authority. She in fact did not, but drove the vehicle with express restrictions imposed by her parents. Therefore, agency principles do not establish Gon-terman as a permissive user of Hendershot’s vehicle.
 

 CONCLUSION
 

 We hold, as a matter of law, that Gonter-man is not a permissive user under the omnibus clause contained in Hendershot’s State Farm policy. No genuine issue of material fact remains concerning whether Gonterman had express or implied permission to use the vehicle or whether Susan had apparent authority to grant Gonterman such permission. Thus, Gonterman is not an insured under the policy, and State Farm has no duty to indemnify the Beans for Gonterman’s liability, if any, nor any duty to defend Gonterman in litigation. The denial of State Farm’s motion for summary judgment is reversed. We re
 
 *812
 
 mand to the trial court with instructions to enter summary judgment for State Farm on its complaint for declaratory relief.
 

 Reversed and remanded with instructions.
 

 BAKER and GARRARD, JJ., concur.
 

 [1]
 

 . We also observe that the omnibus clause in the State Farm policy does not contain any "authorization” language as did the policy in
 
 Smith.
 
 Thus, even were we to agree that agency principles have some place in the application and interpretation of omnibus clauses in Indiana, the language of the policy in this case does not support the Beans' apparent authority argument.