Jamie E. BECKER, Appellant–Plaintiff,

v.

AMERICAN FAMILY INSURANCE GROUP, Appellee–Defendant.

No. 25A03–9612–CV–463.

Court of Appeals of Indiana.

July 28, 1998.

---

David W. Stewart, Phillip Stewart & Associates, Carmel, for Appellant–Plaintiff.

John R. Obenchain, Robert S. Sanderson, Jones Obenchain Ford Pankow Lewis & Woods, South Bend, for Appellee–Defendant.

## OPINION

HOFFMAN, Judge.

Appellant-plaintiff Jamie E. Becker appeals the trial court's decision granting summary judgment in favor of appellee-defendant American Family Insurance Group. The facts relevant to review are recited below.

On February 28, 1992, Becker and Pamela Stone were involved in an automobile accident. At the time of the collision, Stone was not insured. Becker, however, had an insurance policy with American Family which contained an uninsured motorist provision. American Family initially denied uninsured motorist coverage to Becker on the basis that his father had canceled the policy. In April of 1992, American Family determined that the policy had been erroneously canceled and agreed to reinstate the policy if Becker

signed an affidavit stating that he had not received the premium refund. Becker signed the affidavit, which American Family received on August 10, 1992.

Meanwhile, David Siegwarth, a claims analyst at American Family, was assigned the responsibility of handling Becker's claim. Siegwarth took statements from Becker and Stone and reviewed the police report regarding the accident. Siegwarth concluded that Becker was more than 50% at fault for the accident and recommended to his supervisor, Debbie Olsen, that Becker's claim for uninsured motorist coverage be denied. On August 14, 1992, American Family denied Becker's claim.

On April 20, 1993, Becker filed suit against Stone and American Family based upon the automobile collision. In part, Becker alleged that American Family breached its duty of good faith and fair dealing in handling his uninsured motorist claim. On May 25, 1995, the trial court bifurcated the case, ordering that Becker's claim against Stone be tried first, leaving his bad faith claim against American Family to be resolved separately. On August 30, 1995, the trial court entered judgment upon the jury's verdict in favor of Becker in the amount of $6,875. The jury assessed 45% comparative fault against Becker and 55% fault against Stone for the accident.

On April 26, 1996, American Family filed a motion for summary judgment on the bad faith claim. Following a hearing the trial court granted the motion. Becker now appeals.

On appeal Becker contends that the trial court erred in granting summary judgment. In reviewing a decision on summary judgment, this Court applies the same standard as the trial court: whether the designated evidentiary matter demonstrates that there is no genuine issue as to any material fact and whether the moving party is entitled to judgment as a matter of law. *Miller Brewing Co. v. Bartholemew County,* 674 N.E.2d 193, 198 (Ind.Ct.App.1996), *trans. denied.* This Court may not search the record on review of a summary judgment but may consider only that evidence which was specif-

ically designated to the trial court. *Yin v. Society National Bank Indiana,* 665 N.E.2d 58, 62 (Ind.Ct.App.1996), *trans. denied.* "Summary judgment will be affirmed on appeal if it is sustainable on any theory or basis found in the evidentiary matter designated to the trial court." *Baker v. Osco Drug, Inc.,* 632 N.E.2d 794, 797 (Ind.Ct.App.1994), *trans. denied.*

In *Erie Insurance Co. v. Hickman by Smith,* 622 N.E.2d 515 (Ind.1993), our supreme court first recognized the tort of bad faith by an insurance company in dealing with its insured. As set forth in *Erie:*

> The obligation of good faith and fair dealing with respect to the discharge of the insurer's contractual obligation includes the obligation to refrain from (1) making an unfounded refusal to pay policy proceeds; [and] (2) causing an unfounded delay in making payment. . . .

*Id.* at 519. However, the court cautioned:

> [A] good faith dispute about the amount of a valid claim or about whether the insured has a valid claim at all will not supply the grounds for a recovery in tort for the breach of the obligation to exercise good faith. This is so even if it is ultimately determined that the insured breached its contract. That insurance companies may, in good faith, dispute claims, has long been the rule in Indiana.

*Id.* at 520. Additionally, "the lack of diligent investigation alone is not sufficient to support an award. On the other hand, for example, an insurer which denies liability knowing that there is no rational, principled basis for doing so has breached its duty." *Id.*

■ The undisputed facts show that the accident occurred on February 28, 1992. American Family initially denied Becker's claim on the basis that the policy had been canceled prior to the accident. In April of 1992, American Family conceded that it had erroneously canceled Becker's policy. American Family's two-month delay in initially determining that Becker's policy was erroneously canceled does not amount to a lack of diligent investigation. Moreover, Becker did not sign the affidavit claiming non-receipt of the premium refund until August 10, 1992.

■ Meanwhile, Siegwarth, the claims analyst assigned the responsibility of handling Becker's claim, took statements from Becker and Stone and reviewed the accident report. After reviewing the evidence before him, Siegwarth denied Becker's claim on the belief that Becker was more than 50% at fault for the accident and, therefore, was not covered under the uninsured motorist provision of the policy.

Becker now suggests that "American Family failed to designate any facts to negate [his] claim [of bad faith] as is required by Indiana law." However, the verdict form filled out by the jury assessing 45% of fault to Becker was clearly designated to the trial court by American Family. Additionally, American Family designated specific portions of Siegwarth's deposition at the summary judgment hearing.[1] Becker himself also designated portions of Siegwarth's and Olsen's depositions.

The jury verdict designated by American Family shows that the jury assessed 45% of the fault for the accident against Becker. This assessment by the jury demonstrates that there was a rational basis for the denial of Becker's claim. Although the jury's verdict ultimately established that American Family erroneously denied the claim, it further established that the issue of whether Becker was more than 50% at fault for the accident was difficult to determine. As a matter of law, American Family's denial of Becker's claim did not amount to bad faith. Hence, the summary judgment of the trial court is affirmed.

Affirmed.

STATON and DARDEN, JJ., concur.

---

1. Ind. Trial Rule 56(C) states that the evidentiary material used in support of a summary judgment motion should be designated to the court at the time the motion is filed. T.R. 56(C); *see also Holland v. Miami Systems, Inc.,* 624 N.E.2d 478, 481 (Ind.Ct.App.1993), *trans. denied,* (trial court could not consider a letter which had not previously been designated). Although American Family's designation of portions of Siegwarth's deposition were untimely, Becker has not been harmed as the jury verdict alone was sufficient evidence to negate his claim of bad faith.