Joshua J. LEARMAN, Appellant–Defendant,

v.

AUTO–OWNERS INSURANCE CO., Appellee–Plaintiff.

No. 20A03–0110–CV–339.

Court of Appeals of Indiana.

June 14, 2002.

---

2. Because we have reversed Walker's convictions, we need not reach his claims of ineffective assistance of counsel.

1172

John C. Hamilton, South Bend, Robert W. Miller, Miller & Miller, Elkhart, Indiana, Attorneys for Appellant.

Sean E. Kenyon, Robert J. Konopa, Konopa, Reagan & Kenyon, South Bend, Indiana, Attorneys for Appellee.

## OPINION

SHARPNACK, Judge.

Joshua J. Learman appeals the trial court's judgment in favor of Auto–Owners Insurance Company ("Auto–Owners") on Auto–Owners's declaratory judgment action. Learman raises two issues, which we restate as:

1. Whether the trial court's judgment that Learman was not a permitted driver of the insured vehicle is clearly erroneous; and

2. Whether the trial court's judgment denying Learman's request for attorney's fees incurred in defending the declaratory judgment action brought by Auto–Owners is clearly erroneous.

We affirm in part, reverse in part, and remand.

The facts most favorable to the judgment follow. Gladys Barbee and her husband, J.L. Barbee, entered into an auto insurance policy with Auto–Owners that covered their 1985 Pontiac for the period from February 17, 1995 through August 17, 1995. The policy defined "Insured," in pertinent part, as follows:

> the named insured and any person using the automobile and any person or organization legally responsible for its use, provided the actual use thereof is with the permission of the named insured or if the named insured is an individual, with the permission of an adult member of the household who is not a chauffeur or domestic servant.

Appellant's Appendix at 97.

The Barbees were involved in an accident in June 1995 that rendered their insured vehicle inoperable. The Auto–Owners's policy provided that:

> While the automobile is withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction, such insurance as is afforded by this policy with respect to such automobile applies with respect to another automo-

bile not owned by the named insured while temporarily used as a substitute. *Id.* at 98–99. As a result of the accident, Gladys and her daughter, Shirley Myers, went to Enterprise Rent–A–Car on June 7, 1995 where Gladys rented a vehicle. Gladys identified Myers as an authorized driver of the vehicle. The Enterprise contract provided as follows:

ADDITIONAL DRIVER—NONE PERMITTED WITHOUT ENTERPRISE'S APPROVAL

I request Enterprise's permission to allow

/s/ Shirley Myers

Who is under my control and direction to drive the rented vehicle for me and in my behalf. I am responsible for their acts while they're driving, and for fulfilling terms and conditions of this agreement.

Appellee's Appendix at 18. Thereafter, Myers drove the vehicle and transported the Barbees as necessary.

On June 20, 1995, Myers asked her son, A.J. Raines, to deliver a prescription to the Barbees. Raines requested and received Myers's permission to go swimming after delivering the prescription. After delivering the prescription, Raines drove to Learman's residence. Raines and Learman then drove to visit friends. During this visit, Raines asked Learman to drive the vehicle. Learman later lost control of the vehicle, injuring Raines and Learman.

Auto–Owners filed a complaint for declaratory judgment claiming that it was not obligated to provide insurance coverage for damages resulting from the accident because Learman was not an "insured" under the policy. Auto–Owners filed a motion for summary judgment, which the trial court granted. This judgment was the subject of a prior appeal to this court. *See Raines v. Auto–Owners*

*Ins. Co.,* 703 N.E.2d 689 (Ind.Ct.App.1998), *trans. denied.* We reversed the trial court's grant of summary judgment to Auto–Owners and remanded the case for further proceedings. *Id.* at 695. Subsequently, in a bench trial, the parties submitted stipulated evidence and argument to the trial court. On June 25, 2001, the trial court entered judgment in favor of Auto–Owners.

Although the trial court entered findings of fact and conclusions thereon, the record does not reflect a request for such findings by either party. Where the trial court enters specific findings of fact and conclusions sua sponte, we apply the following two-tier standard of review: whether the evidence supports the findings, and whether the findings support the judgment. *Western Ohio Pizza, Inc. v. Clark Oil & Refining Corp.,* 704 N.E.2d 1086, 1090 (Ind.Ct.App.1999), *trans. denied.* The trial court's findings and conclusions will be set aside only if they are clearly erroneous, that is, when the record contains no facts or inferences supporting them. *Id.* A judgment is clearly erroneous when a review of the record leaves us with a firm conviction that a mistake has been made. *Id.* Sua sponte findings control only as to the issues they cover and a general judgment will control as to the issues upon which there are no findings. *Id.* A general judgment entered with findings will be affirmed if it can be sustained on any legal theory supported by the evidence. *Id.*

I.

The first issue is whether the trial court's judgment that Learman was not a permitted driver of the insured vehicle is clearly erroneous. Learman argues that the trial court relied upon the Enterprise contract to find that Learman was not a permitted driver and, thus, failed to follow

the "law of the case" as decided by this court in the prior appeal.

In the prior appeal, Learman argued that the trial court erred by granting summary judgment to Auto–Owners. *Raines,* 703 N.E.2d at 691. We held that the Enterprise agreement could not operate as an express restriction on permission to drive the vehicle for purposes of the Auto–Owners policy. *Id.* at 694. However, we could not "say that as a matter of law, a reasonable fact-finder could not infer from these facts that Learman had Barbee's and/or Myers' implied permission." *Id.* at 693. Thus, we reversed the trial court's grant of summary judgment to Auto–Owners and remanded for further proceedings. *Id.* at 695.

On remand, the parties presented stipulated evidence and argument to the trial court in a bench trial. However, the trial court then held:

> Even if the rental Agreement itself [cannot] serve as an express limitation on permission to use the vehicle for purposes of the policy of insurance at issue, it is the opinion of the Court that Myers did not possess the requisite actual or apparent authority to give permission for anyone else to use the rental vehicle.
>
> Actual authority is created by written or spoken words or other conduct of the principal which, reasonably interpreted, causes the agent to believe that the principal desires him to act on the principal's account. The focus of actual authority is the belief of the agent and the authority may be express or implied. The evidence shows that both Barbee and Myers were present when Barbee rented the vehicle from Enterprise. The evidence further supports that Barbee and Myers were aware that they were the only authorized drivers of the rental vehicle. Based upon the specific facts of the instant case, the scope of Myers'

authority to drive the rental vehicle was given within the context of the rental agreement. Accordingly, Myers' express authority to drive the rental vehicle did not extend to her being able to authorize others to drive the rented vehicle. Additionally, the evidence does not support a conclusion that Myers could have reasonably and justifiably believed that she had the authority to give such permission. To the contrary, Myers specifically was on notice that she did not possess such authority. Therefore, because Myers did not have express or implied authority to grant permission to Learman to drive the rental vehicle, there is no coverage under the policy and Auto–Owners is not liable to Learman.

Appellant's Appendix at 41–42 (citations omitted).

Thus, the trial court analyzed the coverage issue under the principles of actual and apparent authority and determined that based upon the Enterprise contract, Myers did not have actual or apparent authority to grant Learman permission to drive the vehicle. Learman argues that the trial court relied upon the Enterprise contract to find that Learman was not a permitted driver and, thus, failed to follow the "law of the case" as decided by this court in the prior appeal.

The "law of the case" doctrine is a discretionary tool by which appellate courts decline to revisit legal issues already determined on appeal in the same case and on substantially the same facts. *Cutter v. State,* 725 N.E.2d 401, 405 (Ind. 2000), *reh'g denied.* Upon remand following an appellate decision, the law of the case doctrine requires a trial court to "apply the law as laid down by the appellate court." *Riggs v. Burell,* 619 N.E.2d 562, 564 (Ind.1993). However, to invoke the law of the case doctrine, the matters decid-

ed in a prior appeal "must clearly appear to be the only possible construction of the opinion." *Id.* Questions not conclusively decided in a prior appeal do not become the law of the case. *Id.*

In the prior appeal, we determined whether the trial court erred by granting summary judgment to Auto–Owners based upon express and implied permission principles. We must now determine whether the trial court erred by granting judgment to Auto–Owners based upon actual or apparent agency principles. Because the actual or apparent agency theory was not argued in the prior appeal, the law of the case doctrine is inapplicable. *See, e.g., Riggs,* 619 N.E.2d at 565.

Thus, we must determine whether the trial court correctly applied actual or apparent authority principles in determining this issue. The insurance provision at issue here is based upon Ind.Code § 27–1–13–7 which provides, in pertinent part:

> No policy of insurance against loss or damage ... shall be issued or delivered in this state to the owner of a motor vehicle, by any domestic or foreign corporation, insurance underwriters, association or other insurer ... unless there shall be contained within such policy a provision insuring such owner against liability for damages for death or injury to person or property resulting from negligence in the operation of such motor vehicle, in the business of such owner or otherwise, by any person legally using or operating the same *with the permission, express or implied,* of such owner.

(emphasis added). We have previously held that Ind.Code § 27–1–13–7 " 'speaks only of express or implied permission' and to inject an 'apparent authority' argument into this schematic would disrupt the obvious intent of the Indiana legislature to require coverage only ... where the per-

mittee had received express or implied permission." *State Farm Mut. Auto. Ins. Co. v. Gonterman,* 637 N.E.2d 811, 815 (Ind.Ct.App.1994). In fact, we noted this principle in *Raines* and stated:

> the [*Gonterman* ] court turned its analysis to the argument, offered by the appellees, that the daughter had had "apparent authority" to authorize others to drive the vehicle. Although it is worth noting that the *Gonterman* court reiterated an earlier holding rejecting such apparent authority reasoning (*Riverside Ins. Co. of America v. Smith,* 628 F.2d 1002 (7th Cir.1980)), no apparent authority argument has been advanced by any of the appellants in the instant case, and thus that portion of the *Gonterman* decision has no application.

*Raines,* 703 N.E.2d at 692, n. 2. Thus, the trial court erred by applying apparent authority principles to this issue. Rather, the issue must be analyzed under the principles of "express or implied permission." *Gonterman,* 637 N.E.2d at 815.

■ As the trial court noted, "the parties ... stipulated that [Barbee] did not give Learman express permission to drive the rental vehicle." Appellant's Appendix at 58. Thus, the sole issue for the trial court to determine was whether Learman had implied permission to drive the vehicle. Indiana courts follow the "liberal" rule, which provides that:

> one who has permission of an insured owner to use his automobile continues as such a permittee while the car remains in his possession, even though that use may later prove to be for a purpose not contemplated by the insured owner when he entrusted the automobile to the use of such permittee.

*Raines,* 703 N.E.2d at 692 (quoting *Manor v. Statesman Ins. Co.,* 612 N.E.2d 1109, 1113 (Ind.Ct.App.1993), *trans. denied* ). Thus, "where the insured place[s] no prohibition or restriction, express or implied,

upon the use or user, and the use [is] within the scope of the permission given the first permittee, the second permittee [is] insured under the omnibus clause in the automobile insurance policy under construction in the case." *Raines*, 703 N.E.2d at 692 (citing *State Farm Mut. Auto. Ins. Co. v. Auto. Underwriters*, 371 F.2d 999, 1002 (7th Cir.1967)). However, "when the owner places restrictions on use of the vehicle, violations of such use restrictions may terminate the initial permission." *Raines*, 703 N.E.2d at 692 (quoting *Manor*, 612 N.E.2d at 1114 and *Gonterman*, 637 N.E.2d at 814).

The Auto–Owners policy specifically provides that while the Barbees' original vehicle was "withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction, such insurance as is afforded by this policy with respect to such automobile applies with respect to another automobile not owned by the named insured while temporarily used as a substitute." Appellant's Appendix at 98–99. Thus, the rental vehicle was afforded the same coverage as the original vehicle. The policy provides coverage to persons driving "with the permission of the named insured." The policy does not contain any provision limiting permission to that granted by the owner of the substitute vehicle. Thus, it is clear that if Learman would have been entitled to coverage under the policy while driving the Barbees' original vehicle, Learman is entitled to coverage under the policy while driving the substitute vehicle.

In this case, the trial court found that "Myers permitted [Raines] to drive the rental car, who in turn, permitted [Learman] to drive the vehicle." Appellant's Appendix at 39. The stipulated evidence presented at the trial demonstrated that Myers gave Raines permission to drive the vehicle on June 20, 1995. Myers "did not tell [Raines] not to let anyone else operate the vehicle and if [Learman] requested permission to drive the Neon vehicle, [she] would have permitted him to do so." *Id.* at 118–119. Myers had on other occasions permitted Learman to drive her vehicles. Raines then gave Learman permission to drive the vehicle. Thus, the trial court's finding is supported by the evidence and is not clearly erroneous.

The stipulated evidence further demonstrated that Gladys Barbee permitted Myers to drive the rental vehicle and "never told [Myers] not to let anyone else drive the rental Neon vehicle."[1] *Id.* at 152–153. Learman contends that "[in] the absence of the Enterprise rental contract, the facts are clear that [Myers], whom the Barbees permitted to use the Neon, gave express permission to her son, [Raines], to drive the car without restriction and, at the least, gave implied permission to [Learman] to drive the car without restriction." Appellant's Brief at 24. We agree. This evidence demonstrates that Learman was a permitted driver of the Barbees' rental vehicle. *See, e.g., Auto. Underwriters*, 371 F.2d at 1002.

For the foregoing reasons, we reverse the judgment of the trial court in

---

1. Auto–Owners also contends a complaint filed by Gladys Barbee alleging that Learman drove the rental car without her consent "makes clear that Learman did not have Barbee's consent to drive the rental car." Appellee's Brief at 12. However, Auto–Owners directs us to no authority, and our research reveals no authority, for the proposition that Barbee's admission in that action is binding upon Learman in this action. *See, e.g., Wa-* *bash Grain, Inc. v. Smith*, 700 N.E.2d 234, 238 (Ind.Ct.App.1998) ("Smith directs us to no authority, and we find none, in which judicial estoppel has been used to preclude one party from asserting a particular position because a different party had made a conflicting assertion or argument in a prior proceeding. These facts do not support a judicial estoppel."), *reh'g denied, trans. denied.*

favor of Auto–Owners on this issue. Learman was a permitted driver of the Barbees' rental vehicle and, as such, is entitled to coverage under the Barbees' policy with Auto–Owners.

## II.

■ The next issue is whether the trial court's judgment denying Learman's request for attorney's fees incurred in defending the declaratory judgment action brought by Auto–Owners is clearly erroneous.[2] The trial court held that "[Learman's] request for attorney fees fails because he is not an insured under the policy and there is no evidence that Auto–Owners acted in bad faith in denying coverage to Learman." Appellant's Appendix at 43.

In *Raines*, we discussed whether the trial court correctly granted summary judgment to Auto–Owners on Learman's claim for attorney's fees incurred in defending against Auto–Owners's declaratory judgment action. We relied upon *Mikel v. Am. Ambassador Cas. Co.*, in which we held that an insured who had brought a declaratory judgment action against his insurance company could not recover the fees incurred in that action, despite the fact that the insurance company did eventually grant him coverage. *See Mikel v. Am. Ambassador Cas. Co.*, 644 N.E.2d 168, 172 (Ind.Ct.App.1994), *trans. denied.* We then held:

> Nonetheless, the *Mikel* decision is instructive for its discussion of the American Rule and for its reasoned treatment of the split among other jurisdictions which have addressed the fee issue in

declaratory judgment actions between insurers and their putative insureds. The court gave great weight to the fact that Mikel had not alleged that American Ambassador Casualty Company had acted in bad faith. "Our holding is consistent with the long-standing rule in Indiana that the insurer may dispute claims in good faith."

*Raines*, 703 N.E.2d at 694 (footnote and citations omitted). Thus, we reversed the trial court's grant of summary judgment to Auto–Owners and held that Learman's claim for attorney's fees would "succeed or fail in part depending upon the fact-finder's determination as to whether he is an insured under the policy, and in part depending upon the determination as to whether or not Auto–Owners acted in bad faith in denying coverage to Learman." *Id.*

■ Because we have determined that Learman is an insured under the policy, his claim for attorney's fees depends upon whether Auto–Owners acted in bad faith in denying coverage to Learman. "Proof of bad faith is defined as clear and convincing evidence which establishes the insurer had knowledge that there was no legitimate basis for denying liability." *Ind. Ins. Co. v. Plummer Power Mower & Tool Rental, Inc.*, 590 N.E.2d 1085, 1093 (Ind.Ct.App. 1992). The trial court found that "there is no evidence that Auto–Owners acted in bad faith in denying coverage to Learman." Appellant's Appendix at 43. Learman points to no evidence of bad faith on the part of Auto–Owners and our review of the record, likewise, reveals no such evi-

---

**2.** Learman also argues that, if he is entitled to coverage under the Auto–Owners's policy, "Auto–Owners should have defended [Learman] in actions brought against him over the accident by A.J. Raines, Elkhart General Hospital, Elkhart City Waterworks and Enterprise Rent–A–Car." Appellant's Reply Brief at 4. Although Learman presented a short argument on this issue in his Appellant's Reply Brief, he did not present argument on this issue in his Appellant's Brief. Any argument not presented in the original brief is waived and a party may not revive it by arguing the issue in the reply brief. *Meyers v. Langley*, 638 N.E.2d 875, 879 (Ind.Ct.App.1994). Thus, Learman has waived our review of this issue.

dence. Thus, the trial court's finding and judgment on this issue are not clearly erroneous. *See, e.g., Mikel,* 644 N.E.2d at 172 (holding that "when the insured brings an action for a declaration of coverage and prevails, absent a bad faith denial of coverage by the insurer, attorney's fees incurred by the insured in the prosecution of that action are not incurred at the 'request' of the insurer").

For the foregoing reasons, we reverse the trial court's judgment in favor of Auto–Owners with respect to coverage to Learman under the policy and remand with instructions for the trial court to enter judgment for Learman on this issue. However, we affirm the trial court's judgment in favor of Auto–Owners with respect to Learman's request for attorney's fees.

Affirmed in part, reversed in part, and remanded.

FRIEDLANDER, J., and BROOK, C.J., concur.