**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Oct 09 2014, 8:48 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**BRIAN L. ENGLAND**
**RYAN J. GUILLORY**
Hunt Suedhoff Kalamaros LLP
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**SHEILA M. SULLIVAN**
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DEXTER MARSHALL JR. and US AUTO INSURANCE COMPANY, INC. | ) | |
| | ) | |
| Appellants, | ) | |
| | ) | |
| vs. | ) | No. 84A04-1311-PL-558 |
| | ) | |
| UNITED FARM FAMILY MUTUAL INSURANCE COMPANY, | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE VIGO SUPERIOR COURT
The Honorable John T. Roach, Judge
Cause No. 84D01-0902-PL-01320

October 9, 2014

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Chief Judge**

**Case Summary**

Dexter Marshall Jr. and US Auto Insurance Company, Inc. ("US Auto") appeal the trial court's grant of United Farm Family Mutual Insurance Company's ("Farm Bureau") complaint for declaratory judgment. Specifically, Marshall and US Auto argue that the trial court's judgment is clearly erroneous because the court considered only three of the four definitions describing "who is an insured" under the insurance policy, that Marshall should be provided coverage under the fourth definition, and that public policy favors finding coverage under the insurance policy. Because Marshall is not covered under the fourth definition of the policy and public policy does not favor coverage under the insurance policy, we affirm the judgment of the trial court.

**Facts and Procedural History**

On the night of August 26, 2006, Christopher Spitler was injured when he was ejected from the bed of a Dodge Ram pick-up truck after it abruptly accelerated. Tr. p. 31. The truck was owned by David and Marian Wyrick, but that night Marshall was driving. *Id.* at 9, 13, 30. Marshall was covered by a US Auto insurance policy. Appellant's App. p. 13. At the time of the accident Marshall was dating Ashley Mace, the seventeen-year-old daughter of David and Marian. Tr. p. 15, 25. Ashley was in the cab of the truck with Marshall when the accident occurred. *Id.* at 28. On many occasions, Ashley's parents told her that she was the only person who could drive the truck. *Id.* at 10, 13, 16. Although Ashley had discussed this rule with Marshall, she gave Marshall the keys to the truck and allowed him to drive the truck on the night of August 26, 2006. *Id.* at 19, 21, 26. In fact, Ashley had allowed Marshall to drive the truck for the entire week before the accident. *Id.*

2

at 19-21. Nonetheless, David and Marian never gave Marshall permission to drive the truck, never gave Marshall the keys to the truck, never saw Marshall driving the truck, and did not know that he had been driving the truck until the night of the accident. *Id.* at 11, 14, 17, 25-26.

At the time of the accident the truck was insured under Farm Bureau policy number M-4860742 ("the Policy"). Appellant's App. p. 23 (Automobile Insurance Policy). David and Marian were the named insureds under the Policy. *Id.* Ashley was covered under the Policy as a relative, defined as an "unmarried child by blood, marriage, or adoption who is under age 25 and who lives with you." *Id.* at 27. In 2008 Spitler filed a lawsuit for negligence and negligent entrustment against David, Marian, and Ashley to recover for bodily injuries he claimed he sustained as a result of the 2006 accident. *Id.* at 45-48. In his complaint, Spitler specifically stated:

> Defendants David Wyrick, Mari[a]n Wyrick and Ashley Mace gave permission and/or implied permission for Defendant Marshall to operate the vehicle at the time of the aforementioned accident . . . . That the proximate cause of the incident was negligence and negligent entrustment on the part of the Defendants, David Wyrick, Mari[a]n Wyrick and Ashley Mace.

*Id.* at 48 (formatting altered). Based upon these allegations, Farm Bureau filed a complaint for declaratory judgment against Spitler, Marshall, US Auto, David, Marian, and Ashley to "[determine] the rights and other legal relations of the parties and to declare that [Farm Bureau] is not liable to afford coverage to the Defendants based upon the insurance policy." *Id.* at 19. The complaint alleged that under the Policy Farm Bureau "has no duty to provide a defense or to indemnify any of the named Defendants described above as a

3

result of the automobile accident which occurred on or about August 26, 2006." *Id.* The

relevant part of the Policy provides:

> COVERAGE A - BODILY INJURY LIABILITY
> COVERAGE B - PROPERTY DAMAGE LIABILITY
> *****
> WHO IS INSURED
>
> When we refer to an owned automobile or trailer, insured means:
> 1. you,
> 2. any relative,
> 3. any other person while using the owned automobile or trailer, if its use is
> within the scope of your permission,
> 4. any other person or organization liable for the use of the owned automobile
> or trailer by one of the above insureds.

*Id.* at 28.

Finding that Marshall was not a permissive user and that David and Marian did not

give permission, express, implied, or otherwise to Marshall, the court granted Farm

Bureau's complaint for declaratory judgment. Specifically, the court stated:

> The parties tried, in this case, the issue of whether or not the Wyrick[s]
> gave permission to Dexter Marshall. It is the court's finding, after reviewing
> the evidence, and having listen[ed] to, and observed the witnesses, that
> neither David Wyrick nor Marian Wyrick expressly gave [Dexter] Marshall
> permission to drive their vehicle. Neither did they impliedly give him
> permission. . . . The [l]awsuit alleges that Ashley Mace negligently entrusted
> the Dodge pick-up truck to Dexter Marshall. . . . While Ashley Mace was
> insured under the Policy as a "relative", the claim is not based on her use of
> the automobile, but rather her alleged choice in "entrusting" . . . the Dodge
> pick-up truck to [Dexter] Marshall.

*Id.* at 16.

 This appeal ensued.

4

**Discussion and Decision**

Marshall and US Auto make three main arguments on appeal: (1) the trial court's finding of fact regarding "who is an insured" under the Policy is clearly erroneous because the trial court considered only three of the four given definitions; (2) Marshall should be provided coverage under the fourth definition of "who is an insured"; and (3) public policy supports a finding that Farm Bureau has a duty to provide coverage to Marshall. Because the trial court entered findings of fact and conclusions of law, we apply a two-tiered standard of review. *Mueller v. Karns*, 873 N.E.2d 652, 657 (Ind. Ct. App. 2007), *reh'g denied*. We determine first whether the evidence supports the findings and second whether the findings support the judgment. *Id.* We will not reverse the trial court's findings or the judgment unless clearly erroneous. Ind. Trial Rule 52(A); *Mueller*, 873 N.E.2d at 657. A finding is clearly erroneous when the record lacks any evidence or reasonable inferences from the evidence to support it. *Mueller*, 873 N.E.2d at 657. The judgment is clearly erroneous when it is unsupported by the findings and the conclusions. *Id.* In conducting this review, we neither reweigh evidence nor judge witness credibility and consider the evidence in a light that is most favorable to the judgment. *Id.* While we defer to the trial court substantially on its findings of facts, we owe no deference to the trial court's conclusions of law, and we review them de novo. *Id.*

**I. Coverage Under the Policy**

Marshall and US Auto do not dispute the trial court's finding that Marshall was not a permissive user under the Policy and concede, "Marshall and US Auto do not contest the Court's finding that . . . Marshall was not an insured under the first three elements of the

5

policy." Appellant's Br. p. 4. And "[t]he evidence in this case established that David and Marian . . . did not give . . . Marshall permission to drive their truck. Marshall and US Auto do not dispute the trial court's conclusion of law that . . . Marshall was not a permissive user of the vehicle." *Id.* at 8.

Instead, Marshall and US Auto argue that the trial court failed to consider whether Marshall was covered under the fourth definition of the Policy. *See id.* ("The trial court, however, ended its analysis at that point. The Order and Judgment makes no mention of the fourth element."). The fourth definition provides that an "insured" is "any other person or organization liable for the use of the owned automobile or trailer by one of the above insureds." Appellant's App. p. 28. In an attempt to fit within the fourth definition and explain how Marshall was liable for Ashley's "use" of the truck, Marshall and US Auto argue that "[Ashley] was in the vehicle at the time of the accident, participating in the use of the vehicle at that time, and permitted . . . Marshall to drive the vehicle." Appellant's Br. p. 9. However, contrary to their argument that the trial court failed to consider whether Marshall was covered under the fourth definition, the court clearly addressed the fourth definition:

> The [l]awsuit alleges that Ashley Mace negligently entrusted the Dodge pick-up truck to Dexter Marshall. . . . While Ashley Mace was insured under the Policy as a "relative", the claim is not based on her use of the automobile, but rather her alleged choice in "entrusting" the Dodge pick-up truck to Dexter Marshall.

Appellant's App. p. 16. Further, as noted by the trial court, Spitler's complaint alleged "[t]hat the proximate cause of the incident was negligence and negligent entrustment on the part of the Defendants, David Wyrick, Mari[a]n Wyrick and Ashley Mace." *Id.* at 48.

6

The trial court addressed the fourth definition but concluded that Marshall was not an insured under that definition. We likewise agree that given the nature of the allegations of the complaint there is no reasonable circumstance under which Marshall can be liable for Ashley's use of the truck, as required under the fourth definition of the Policy. The trial court did not err.

## II. Public Policy

Marshall and US Auto next argue that public policy favors a finding of coverage under the Policy because—although Marshall was not a permissive user—he was permitted to drive the truck by Ashley, an insured under the Policy. Therefore "[a] finding in this case and others like it that no coverage is provided by [Farm Bureau] would contradict the Indiana General Assembly's goal of ensuring coverage for the damages incurred by the victim of an automobile accident." Appellant's Br. p. 11-12. Marshall and US Auto further argue that "[a] plaintiff in the positon of . . . Spitler in the underlying tort action will have an avenue of recovery eliminated, thus reducing the chance that he can be made whole depending upon the finding of the jury." *Id.* Last, Marshall and US Auto argue that a denial of coverage by Farm Bureau would directly violate Indiana Code section 27-1-13-7. *Id.* We disagree.

Indiana law requires coverage for the *owner* of an automobile when the owner gives either express or implied permission to a third party to use an insured vehicle, but it is silent as to covering anyone else's liability, and in turn, does not require coverage for permissive users. *See id.*; *State Farm Mut. Ins. Co. v. Gonterman*, 637 N.E.2d 811, 815 (Ind. Ct. App. 1994); *Manor v. Statesman Ins. Co.*, 612 N.E.2d 1109, 1115 (Ind. Ct. App. 1993), *trans.*

7

*denied*; *see also Riverside Ins. Co. of Am. v. Smith*, 628 F.2d 1002, 1008 (7th Cir. 1980), *reh'g denied*; *Standard Mut. Ins. Co. v. Pavelka*, 580 F. Supp. 224, 226 (S.D. Ind. 1983). Indiana Code section 27-1-13-7(a) requires, in relevant part:

> No such policy shall be issued or delivered in this state to the owner of a motor vehicle, by any domestic or foreign corporation, insurance underwriters, association or other insurer authorized to do business in this state, unless there shall be contained within such policy a provision *insuring such owner* against liability for damages for death or injury to person or property resulting from negligence in the operation of such motor vehicle, in the business of such owner or otherwise, by *any person legally using or operating the same with the permission, expressed or implied, of such owner.*

(Emphasis added). By extending coverage to permissive users and persons liable for the use of the automobile by an insured, the Policy at issue here provides coverage broader than that required under Indiana law and, thus, does not violate public policy. *See Manor*, 612 N.E.2d at 1115.

Here, David and Marian did not extend permission to Marshall. Rather, they *each* clearly told Ashley that no one else was allowed to drive the truck. Because Indiana public policy does not require that an insurer provide coverage for all persons who may use an insured vehicle, public policy is not violated in this case. The trial court properly denied coverage.

Affirmed.

FRIEDLANDER, J., and MAY, J., concur.